## 53495. EUBANKS v. THE STATE.

DEEN, Presiding Judge.

Eubanks was indicted for "Theft by Deception" in that "having lawfully obtained $4,660 under an agreement with James and Juanita Alexander, did knowingly convert said funds to his own use in violation of said agreement, the agreement being to use said money for construction of an addition on the house of Mr. and Mrs. Alexander." The defendant filed a timely written demurrer on the ground that the facts set out did not constitute the crime of theft by deception (Code § 26-1803). It is true that they might, however, constitute the crime of theft by conversion under Code § 26-1808. While, after verdict, a defendant will not be heard to complain of a mere formal or technical defect, he is entitled, when the issue is timely raised, to be tried under an indictment perfect in form and substance. *Harris v. State,* 58 Ga. 332 (2); *Hamby v. State,* 76 Ga. App. 549 (46 SE2d 615); *Kyler v. State,* 94 Ga. App. 321 (94 SE2d 429). Such a demurrer is in the nature of a special demurrer. It is, however, material to the crime charged, since it embodies in one count two separate statutory offenses. "The sustaining of a special demurrer, the result of which is either to strike from or add to the material allegations of the indictment, is equivalent to sustaining a general demurrer and quashing the indictment." *Gentry v. State,* 63 Ga. App. 275, 276 (11 SE2d 39).

It has been suggested that the court has ignored the principle of law as set out in *State v. Edwards,* 236 Ga. 104, 107 (222 SE2d 385) as follows: "[T]he offense characterized in an indictment is determined, not by the name given therein, but by the criminal acts therein alleged to have been committed." In *Edwards* the only question raised was the constitutionality of the crime charged; that is, whether the legislature could create a grade of homicide committed in a certain way only and precluding other ways and thus "denying equal protection of law." Having answered this question in the negative, the court went on to point out that an offense was in fact charged, but that it was given the wrong name.

It is true that the same situation subsists here. The

difference is that the demurrer went to this exact point, in that the indictment did not charge "every substantial element of the offense alleged to have been committed," that is, the crime of "Theft by Deception" as stated therein. Code § 26-1803. Therefore, although one part of the indictment may be said to charge a crime, it is also true that the indictment is not "perfect in form and substance" because it describes a different crime from the one named. True, this is a technical or formal defect. Only a written timely motion prior to trial and specifically pointing it out (that is, the equivalent of a special demurrer) can reach such a formal defect, but, having reached it, the defendant was entitled to have the indictment redrawn so as to meet the objection.

It was error to overrule the demurrer to the indictment. The subsequent proceedings in this case are nugatory.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED FEBRUARY 16, 1977 — DECIDED FEBRUARY 24, 1977 — REHEARING DENIED MARCH 11, 1977 —

*Don E. Snow*, for appellant.

*Ben J. Miller, District Attorney, Paschal A. English, Jr., Assistant District Attorney*, for appellee.