## 53495. EUBANKS v. THE STATE.

DEEN, Presiding Judge.

1. The Supreme Court has held in this case (239 Ga. 483) that the indictment was not subject to the demurrers interposed. We accordingly vacate our former decision to the contrary in *Eubanks v. State,* 141 Ga. App. 569 (234 SE2d 95).

2. The appellant also enumerated error on the judgment of the trial court overruling his motion for a directed verdict, contending that the statute (Code § 26-1808) is void and also unconstitutional as applied to the facts of this case, that the punishment assessed is illegal, and that the verdict is not supported by evidence in certain specified particulars.

(a) The Supreme Court decision above cited holds that the defendant was charged with and tried for a violation of Code § 26-1808. Its constitutionality was upheld in *Smith v. State,* 229 Ga. 727 (194 SE2d 82). The indictment charges that the subject "did deceive James & Juanita Alexander in giving him $6,660.00 to build an addition on residence in thirty days, subject has been paid, residence is not complete, residence is being levied on for material not pd. for." We find no unconstitutionality in the *application* of this section to the facts of this case, and the fact that the statute named in the indictment was Code § 26-1803 rather than Code § 26-1808 has been held on certiorari to be harmless error. This disposes of the first four enumerations of error.

(b) The evidence shows without dispute that the

defendant entered into a written contract with the Alexanders to build a room on their home at a total cost of $6,600, to be begun on January 6, 1976, and completed within 30 working days. The work was begun on that date and was not completed at the time of the trial of this case on August 23, 1976. The evidence further showed that the owners delivered to defendant three checks which were cashed for a total of $4,660, drawn on the owner's account at a local bank. Further, Mrs. Alexander, who signed the checks, was asked: "Whose funds were these when you gave these funds to Mr. Eubanks, were they still your money?" and answered in the affirmative. This is sufficient to establish that the money belonged to the parties having the house constructed, and the fifth enumeration is without merit.

(c) The testimony of the owners was that the defendant had some few materials on hand which he used in the erection of the improvement; that he stated he needed a check to buy materials, as he was operating on a cash basis, that the witnesses know of liens for materials claimed to be unpaid and they believe he misappropriated the funds because there are unpaid liens. Unpaid liens were introduced totaling $1,525, plus another filed in the sum of $3,047. As to the latter, the testimony was that the supplier had cashed a $2,000 check payable to the defendant which was supplied by the owners and had taken out some $1,100 which it had applied to another account returning the balance to the defendant. Also, the owners testified that to finish the contract would cost them a minimum of $800, and that they were withholding $2,000 of the contract price. This information is of course sufficient to show a deficit, but there is a complete lack of evidence of how much money was in fact spent by the defendant on the construction. "[P]roof of conversion vel non lies in the explanation or failure to explain proved discrepancies between amounts received and disbursements going toward the completion of the contract." *Baker v. State*, 131 Ga. App. 48, 51 (1) (205 SE2d 79). There is ordinarily no burden on a defendant in a criminal case: as stated in *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241), instructions which place any burden of persuasion on him will constitute reversible error

154

unless harmless or invited. Doubtless where the state establishes that the amount of money turned over to the defendant is greater than that expended by him on the construction of the improvement the burden of going forward with the evidence as a practical matter devolves upon the latter, but there is no evidence at all here of the amount of paid-for work and material involved in this construction. The contract itself merely specifies what the defendant is to do and provides that he be paid one-third on signing, one-third "after dried in" and the balance on completion. It placed no burden on the defendant to use the precise proceeds of the checks rather than an equivalent sum of money. It follows that the state failed to prove a conversion, and defendant's motion for a directed verdict on this ground should have been granted.

(d) Code § 27-2529 allows the court in its discretion, when entering a sentence probating a felony conviction, to set a fine of not over $2,000. In like manner, under Code § 27-2711 restitution may be ordered to any aggrieved person for the loss caused by the offense. The maximum punishment is 10 years. Code § 26-1812. The defendant here was sentenced to ten years, to be served on probation with payment of a fine of $2,000 and restitution in the amount of $4,268.86. Since the owners paid the defendant a total of $4,660, restitution of $4,268.86 could be justified only if it were shown that not more than $392 in paid-for materials and labor went into the building of the improvement. There is no evidence to this effect, for which reason the probationary feature of the sentence was excessive.

*Reversed and remanded for new trial. Webb and Birdsong, JJ., concur.*

SUBMITTED FEBRUARY 16, 1977 — DECIDED NOVEMBER 9, 1977 — REHEARING DENIED DECEMBER 1, 1977 — ▆▆▆▆▆▆▆

*Don E. Snow,* for appellant.
*Ben J. Miller, District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.