## 64302. STOWE v. THE STATE.

POPE, Judge.

George Stowe here appeals his conviction of theft by conversion under Code Ann. § 26-1808.1.

Appellant, a building contractor, entered into a contract with Marshall and Patricia Ballenger to build them a home in Madison County. A Clarke County savings and loan association was also party to the contract as the lender. The contract provided for a construction account to be set up by the lender from which appellant was to draw funds to pay for materials, labor and other costs of construction. Appellant drew $42,325.00 from the account and, with the final draw, he signed an affidavit under oath stating that all work had been completed and all bills had been paid.

At that time, however, all bills had not been paid. Appellant

owed a substantial sum to Harbin Lumber Company, a Franklin County business. From the last draw from the construction account appellant paid Harbin Lumber $8,000.00 on the Ballenger job account, leaving a balance of $8,561.96. Shortly thereafter Harbin Lumber caused a warrant to be issued for appellant's arrest. Appellant was subsequently indicted, tried and convicted in Franklin County. The jury recommended he be punished for a misdemeanor and the court sentenced him to twelve months with the sentence to be suspended upon payment of a $200.00 fine, court costs and restitution to Harbin Lumber Company in the amount of $8,561.96.

Appellant asserts two enumerations of error on this appeal. First, he claims that the trial court committed reversible error in refusing to grant his motion for a directed verdict of acquittal. He contends that (a) venue was not proven, (b) it was not shown that he was required to use the funds drawn to pay for materials at Harbin Lumber Company and (c) it was not shown he used the funds for any purpose other than to pay for materials, labor and services. Appellant's second enumeration of error is that the court erred in ordering restitutionary payments. We will address these contentions in reverse order of merit.

1. The contention that the state failed to show that the funds drawn were required to be used for payment of materials obtained from Harbin Lumber Company is wholly without merit. In addition to the contract signed by appellant expressly providing for such use of the funds, appellant made numerous admissions, both expressly and tacitly, that he knew the funds were to be used for no other purpose than for costs of construction.

2. The challenge to the order for restitution is likewise without merit. The sum of $8,561.96 represents the amount owed by appellant to Harbin Lumber on the Ballenger account at the time of the alleged conversion. The figure was arrived at after a thorough cross-examination of the state's witness proffering the evidence and it was not challenged at sentencing. Therefore we find no error. See *Wilson v. State,* 151 Ga. App. 501 (10) (260 SE2d 527) (1979); *Bennett v. State,* 141 Ga. App. 795 (2) (234 SE2d 327) (1977). See also *Johnson v. State,* 156 Ga. App. 511 (274 SE2d 669) (1980).

3. We also disagree with appellant's contention that a directed verdict of acquittal should have been granted because there was no evidence that he used the funds drawn for purposes other than to pay the costs of construction of the Ballenger home. The state produced and adduced some evidence (albeit scant) upon which the jury could have found conversion and therefore a verdict of not guilty was not demanded. *Muhammad v. State,* 243 Ga. 404 (2) (254 SE2d 356)

(1979); *Poole v. State,* 159 Ga. App. 792 (285 SE2d 205) (1981). Compare *Eubanks v. State,* 144 Ga. App. 152 (2c) (241 SE2d 6), (1977), vacated on other grounds, 239 Ga. 483 (238 SE2d 38) (1977).

4. We come now to appellant's challenge as to venue. The relevant venue statute in this case is Code Ann. § 26-1811, which provides in part that "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." The state relies upon evidence of appellant's payments to Harbin Lumber Company in Franklin County for proof of venue in that county. The state in effect asserts that this is sufficient to show that appellant exercised control over the "property which was the subject of the theft" in Franklin County.

The state is relying upon evidence of the lawful use of the funds to establish venue for prosecution for the unlawful use. If we were to find the "property which was the property of the theft" to be the entire construction account, including all the funds therein, the conclusion would follow that appellant's disbursement of funds from the account in Franklin County would be a sufficient exercise of control upon which venue could be based. However, we do not believe that the language should be so construed. Appellant was not charged with converting the entirety of the funds in the account, only a portion thereof ($8,454.88 to be exact). It follows that the funds properly spent were not the "subject of the theft," only those funds alleged to have been spent unlawfully. Thus, for venue purposes, the burden was upon the state to produce evidence that appellant exercised control over the allegedly converted funds in the county where the case was prosecuted.

In theft by conversion cases, where the allegedly converted property is money, we see two basic options available to the state regarding venue. First, the state can proceed in the county where the accused received the money. There is sound authority that the accused exercised control over the money there. See, e.g., *Ramer v. State,* 76 Ga. App. 678 (3) (47 SE2d 174) (1948); *Price v. State,* 76 Ga. App. 283 (2) (45 SE2d 462) (1947). Second, the state can produce evidence tracing funds disbursed in one county (where the case is being prosecuted) back to the account or other source in the origin county, showing further that the funds were not disbursed in accordance with the contract provisions governing the use of the funds.

The state has failed to present any evidence showing that appellant exercised any control over the allegedly converted funds in Franklin County. The funds were maintained and were received by appellant in Clarke County. The construction site was in Madison

County. Appellant testified that he lived in Canon, but it was not established whether he lived in Franklin or Hart County. Although it was adduced at trial that appellant paid Harbin Lumber by check, no effort was made by the state to trace the funds.

The state may have been on track when it adduced testimony to the effect that appellant may have used funds from the Ballenger account to pay a bill due at Harbin Lumber for materials received for another job. However, when appellant took the stand he refuted the attempted inference and the state did nothing on cross-examination to regain any ground. The state may also have been on track when it adduced testimony suggesting appellant may have used Ballenger funds to pay personal hospital and medical expenses. Regardless of the probity of this evidence, it was never linked to Franklin County.

Because we have found no evidence supporting venue in Franklin County, we hold that venue was improper in that county and we must reverse. *Moore v. State,* 153 Ga. App. 49 (1) (264 SE2d 538) (1980).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*Thomas M. Strickland,* for appellant.
*J. Cleve Miller, District Attorney, Lindsay A. Tise, Jr., Assistant District Attorney,* for appellee.