## 67162. CUTTER v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of theft by taking. The indictment alleged that "being in lawful possession of a 1975 Oldsmobile automobile, the property of J. C. Lowery with a value in excess of $200, [the defendant] unlawfully appropriated said property with the intention of depriving said owner of said property." The defendant contends that there was a fatal variance between the pleading and proof in that the evidence showed an unlawful taking. He also contends generally that the evidence is insufficient to support the verdict.

The state's evidence established the following facts. The defendant went to J. C. Lowery's car dealership in Savannah, where he asked to look at the car in question. Mr. Lowery, obtained the keys and started the motor so the defendant could listen to it. While the engine was running, the telephone in Mr. Lowery's office rang, whereupon he turned off the ignition and went in to the office to answer it, leaving the keys in the car. Shortly thereafter, the defendant drove the car off the lot. He was arrested a few hours later by a state patrolman in Midway, Georgia, some 30 miles away, where the car had run into a ditch. Although Mr. Lowery testified that the defendant had no permission or authority to drive the car from the lot, the state introduced the defendant's pre-trial statement in which he maintained that he had taken the car for a test drive with the owner's permission. *Held:*

The statute upon which the indictment was based allows conviction for the offense if committed in the manner alleged, or alternatively, by an unlawful taking. See Code Ann. § 26-1802 (a) (Ga. L. 1968, pp. 1249, 1290, as amended through Ga. L. 1978, pp. 2257, 2258) (now OCGA § 16-8-2). However, the state was obliged to prove its case under the conversion theory set out in the indictment. See *Change v. State,* 156 Ga. App. 316 (1) (274 SE2d 711) (1980); *Walker*

*v. State,* 146 Ga. App. 237 (1) (246 SE2d 206) (1978). See generally *De Palma v. State,* 225 Ga. 465 (169 SE2d 801) (1969). Assuming *arguendo* that Mr. Lowery's testimony is entirely inconsistent with initial lawful possession, as the defendant argues, the jury was authorized to find him guilty on the basis of his own pre-trial statement. Consequently, we find no variance between the pleading and the proof.

We are satisfied that there was sufficient evidence to enable a rational trier of fact to find the defendant guilty of the offense charged beyond a reasonable doubt.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 27, 1983.

*John W. Andre, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney,* for appellee.