## A90A0996. HILL v. THE STATE.
(401 SE2d 48)

CARLEY, Chief Judge.

Appellant was tried before a jury on two indictments, each of which charged him with commission of a theft. Although he was found guilty of both crimes, appellant appeals only from the judgment of conviction and sentence entered by the trial court on one of the jury's guilty verdicts.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal.

Construed most favorably for the State, the evidence showed the following: Anwar Ali owned certain property which he wished to sell. After a purchaser was found who needed financing, Ali's real estate agents introduced Ali to appellant. Appellant represented to Ali that, for a $2,500 fee, he would undertake to assist the purchaser in obtaining the necessary financing and that he would return the fee to Ali if he was not successful in doing so. Ali agreed to the terms and gave appellant $2,500 in cash at a meeting in Cobb County. Although appellant did attempt to arrange financing through a mortgage company, no loan was ever made. Ali requested the return of his $2,500 and appellant presented him with a check in that amount at a meeting in Clayton County. However, the check was not honored because of insufficient funds.

"The language embodied in the clause, 'regardless of the manner in which said property is taken or appropriated, in [OCGA § 16-8-2], renders the section sufficiently broad to encompass thefts or larcenies

perpetrated by deception as prohibited under [OCGA § 16-8-3], and theft by conversion, as prohibited under [OCGA § 16-8-4], the punishment for all of which is identical, as provided in [OCGA § 16-8-12]." *Jones v. State*, 137 Ga. App. 612, 613 (4) (224 SE2d 473) (1976). It is the State's theory that the evidence set forth above authorized a finding that appellant committed a theft by conversion of Ali's $2,500 in violation of OCGA § 16-8-4 (a). That statute provides, in relevant part, as follows: "A person commits the offense of theft by conversion when, having lawfully obtained funds . . . of another . . . *under an agreement or other known legal obligation to make a specified application of such funds . . .,* he knowingly converts the funds . . . to his own use in violation of the agreement or legal obligation." (Emphasis supplied.)

Based upon a review of the record in this case, we conclude that the evidence will *not* authorize a finding that appellant obtained the $2,500 from Ali "under an agreement or other known legal obligation to make a specified application" thereof. Ali freely gave the $2,500 to appellant in return for appellant's promise personally to provide certain future services. Compare *Stull v. State*, 230 Ga. 99, 102 (3) (196 SE2d 7) (1973). Ali gave no specific directions as to *how* the $2,500 was to be applied by appellant, Ali's only interest after freely parting with the cash was in receiving the future services that appellant had agreed to perform on his behalf or in receiving a refund if those future services did not produce the desired result. This shows the existence of an enforceable contract, the breach of which would be civilly actionable. It does *not* show the existence of a violation of the criminal provisions of OCGA § 16-8-4 (a). "The contract itself merely specifies what [appellant was] to do and provides that he be paid [$2,500 for doing it]. It placed no burden on [appellant] to use the precise [$2,500 received from Ali to achieve the desired result] rather than an equivalent sum of money. It follows that the [S]tate failed to prove a conversion. . . ." *Eubanks v. State*, 144 Ga. App. 152, 154 (2c) (241 SE2d 6) (1977).

2. There is, however, authority which purportedly supports the State's theory: "[T]he evidence showed that Graddy contracted with appellant to build a laundry room in Graddy's basement and paid $800 of the contract price at the time the contract was signed. When appellant did not commence the work pursuant to the contract, Graddy terminated the contract and appellant agreed to refund the initial amount paid less $25 for materials purchased. Appellant did not repay the money. . . . [A]ppellant's conviction was based . . . on the theory that he was given $800 under an agreement to make a specified application of the funds, and knowingly converted them to his own use in violation of the agreement. This would constitute theft by conversion. OCGA § 16-8-4." *Byrd v. State*, 186 Ga. App. 446 (1)

(367 SE2d 300) (1988).

Four judges of this Court now believe that this analysis in *Byrd* is erroneous. Having been paid funds for making property improvements, a *contractor* who uses those funds other than to pay for the labor, services or materials that have been furnished for the improvements may be guilty of theft by conversion under OCGA § 16-8-15 (a). One who obtains funds by making promises of the performance of services which he does not intend to perform or knows will not be performed may be guilty of theft by deception under OCGA § 16-8-3 (b) (5). However, one who merely obtains funds as the present consideration for his promise to perform future services is under no agreement or other known legal obligation to make a specified application of *those specific funds*, but is only under the contractual obligation to provide *the promised services* and may *not*, therefore, be found criminally liable for theft by conversion of the funds under OCGA § 16-8-4. "The sole 'interest' that the [contracting party has] in the [funds is] a right to future [performance] pursuant to the . . . contract. It is thus clear that the [funds do] not belong to 'another' and [one] cannot be charged under [OCGA § 16-8-2] with theft of property to which he has not only 'rightful possession,' but also title, unless . . . the evidence supports a finding of guilt under [OCGA § 16-8-3] for theft by deception. [Cits.]" *Elliott v. State*, 149 Ga. App. 579, 581 (1) (254 SE2d 900) (1979). Compare *Stull v. State*, supra. Accordingly, four Judges would overrule *Byrd v. State*, supra, insofar as it stands for the proposition that the evidence in either that case or the instant case would authorize a finding of guilt for *theft by conversion under* OCGA § 16-8-4.

3. The State also failed to prove appellant's guilt for theft under any other theory. Since appellant is not a contractor and the funds were not paid to him pursuant to a contract to make improvements to Ali's real property, the evidence in the instant case would not authorize a finding of his guilt for theft by conversion under OCGA § 16-8-15. Since there is no evidence that appellant did not intend to perform the services at the time that he accepted the $2,500 fee from Ali, there is no basis for upholding the conviction under the theory that appellant committed a theft by deception under OCGA § 16-8-3 (b) (5). See *Holt v. State*, 184 Ga. App. 664, 666 (1) (362 SE2d 464) (1987). Compare *Henderson v. State*, 257 Ga. 618 (362 SE2d 346) (1987) (submitting a bill for *past* goods and services that were never performed). The only crime that the State may have proved that appellant committed was the act of passing a bad check in violation of OCGA § 16-9-20. However, appellant was not being tried for that offense. It follows that his unauthorized conviction for theft must be reversed.

4. It is unnecessary to address appellant's remaining contentions

that the State failed to prove venue in Clayton County.

*Judgment reversed. Birdsong, Sognier and Cooper, JJ., concur. Banke, P. J., concurs in Divisions 1, 3, 4 and in judgment. Deen, P. J., McMurray, P. J., Pope and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

1. I respectfully dissent with respect to the reversal of the conviction. *Byrd v. State*, 186 Ga. App. 446 (1) (367 SE2d 300) (1988), is correct and supports it.

Insofar as is pertinent here, Byrd enumerated as error the denial of his motion for directed verdict of acquittal and the court's charging the elements of theft by taking (OCGA § 16-8-2). The charge was in accordance with the indictment, which charged theft by taking in two counts, by the two methods of committing that crime.

Byrd's argument was two-fold. One was that he was charged with the wrong crime, and the jury was instructed on the wrong crime, in that if he was guilty of any crime, it would be theft by deception of the type specified in OCGA § 16-8-3 (b) (5). The second part of the argument was that there was insufficient evidence of the commission of either crime.

We rejected the proposition that Byrd had to be charged with violation of OCGA § 16-8-3 (b) (5), for the reason that the broad language of the theft by taking statute encompasses thefts by various manners, i.e., deception and conversion. This was based on authority cited in the opinion, one of which cases is quoted in the majority opinion here. The statute itself says ". . . regardless of the manner in which the property is taken or appropriated." The Supreme Court has said of this clause: "While [it] renders the section sufficiently broad enough to encompass thefts or larcenies perpetrated by deception as prohibited under [OCGA § 16-8-3], and possibly broad enough to encompass other types of theft prohibited by other sections of the Criminal Code of Georgia, this is no impediment to an indictment thereunder. *Martin v. State*, 123 Ga. 478, 479 (51 SE 334) [1905]." *Stull v. State*, 230 Ga. 99, 101 (196 SE2d 7) (1973).

The issue was not whether Byrd should have been charged with OCGA § 16-8-15. It prohibits a particular type of conversion, that related to a specific industry. While the jury may have been authorized to indict under it, OCGA § 16-8-4 and OCGA § 16-8-15 are not mutually exclusive. The latter is narrower and, depending on the circumstances, may be included in the former. Just as there are species of theft by taking, so there are sub-species of theft by conversion.

In any event, the essential elements of the generic crime of theft by taking were present in the evidence in Byrd's trial, when tested by the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Byrd contracted to do work and extracted an ad-

vance payment for this specific work and the materials connected with it. He delivered a small amount of material and did no work. He promised to return the victim's money, except a minor portion for those materials, but kept it.

This is not a square peg in a round hole; it is a round peg in a large round hole into which other round pegs also fit. Hill's situation is one of them.

2. Venue in Clayton County was proper. There was evidence that defendant and Ali were introduced at the realtor's office in Jonesboro to arrange for defendant to obtain financing for the purchaser of Ali's business. They met several times there in that connection. It was there that defendant advised that his fee would be $2,500, which would be returned if the loan was not placed. The financing did not materialize.

Defendant gave the victim a check for the return of the funds, in Clayton County, with instructions to hold it for a few days. The check, which showed Clayton County as the address of defendant's corporation, was returned for insufficient funds by the time it was presented for payment. Thus there was evidence that defendant exercised control over the victim's money, the subject of the theft, in Clayton County. OCGA § 16-8-11.

The two options which the court saw available to the State on the question of venue in the circumstances in *Stowe v. State*, 163 Ga. App. 535, 537 (4) (295 SE2d 209) (1982), are not the only possibilities as to an accused's exercise of control over another's property. That case involved unlawfully drawing down funds from a construction account. This case involves stealing $2,500 which originally had been given in cash in one county and then purportedly returning it by a check in Clayton County.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Pope join in this dissent.

DECIDED DECEMBER 5, 1990.

*Sexton, Turner & Moody, Lee Sexton*, for appellant.
*Robert E. Keller, District Attorney, Daniel J. Cahill, Assistant District Attorney*, for appellee.