### A93A0944. MYRICK v. THE STATE.
(436 SE2d 100)

BIRDSONG, Presiding Judge.

Howard Myrick appeals his conviction for theft by conversion. The indictment alleged that having lawfully obtained funds of Willie and Ruth Stanley in excess of $500, "under an agreement to make a specified application of said funds, to wit: real property improvements [Myrick] did knowingly convert said funds to his own use in violation of such agreement by failing to perform said real property improvements."

On March 6, 1991, appellant made a written proposal to perform certain specified renovations on the Stanleys' house, for $11,500 to be paid as follows: "$4,000 beginning, $5,000 when top is on, and $2,500 when completed." Appellant received the first payment of $4,000. The State contended that despite repeated requests, appellant did not immediately begin work; he appeared several weeks later and poured concrete for the porch but did a poor job. Mr. Stanley again tried to contact appellant and waited several weeks, but he never saw appellant again before taking out a criminal warrant on July 18, 1991.

Appellant contends he could not immediately commence work after March 6 because of an extended rainy season in the spring and summer of 1991, but "after some period of time," he delivered and laid about eight cubic yards of concrete, expending $700 for labor, $500 for cement, $73 for sand, $75 for steel, $60 for plastic, and $30 for lumber.

Appellant contends he was entitled to a directed verdict of acquittal because the State did not prove the elements of theft by conversion under OCGA § 16-8-4, and that the trial court failed to give certain jury charges distinguishing between a contract dispute and a crime. *Held*:

This criminal conviction for theft by conversion cannot be sustained, for the State did not prove appellant obtained the $4,000 "under an agreement . . . to make a specified application of such funds," and that he "knowingly convert[ed]" the money to himself. OCGA § 16-8-4 (a); see *Hill v. State*, 198 Ga. App. 1, 2 (1) (401 SE2d 48). Appellant contends the Stanleys gave him $4,000 with no specific direction as to how that money was to be applied. He contends that, as in *Hill* (and *Eubanks v. State*, 144 Ga. App. 152, 154 (2c) (241 SE2d 6)), the contract merely specified what appellant was to do and provided that he be paid a certain total amount for doing it; it placed

no burden on him to use the $4,000 to achieve a certain result.

Although *Hill* did not involve money paid to a contractor, four judges of this court believed that conviction was authorized by *Byrd v. State*, 186 Ga. App. 446 (1) (367 SE2d 300) which involved a conviction of a building contractor for theft by taking under OCGA § 16-8-2. We find *Byrd* inapplicable to uphold the conviction in this case. In *Byrd* the contractor failed to begin work; when the owner terminated the contract, Byrd *agreed to return the owner's money* but did not do so. Clearly, that evidence supported a finding that Byrd committed theft by taking (OCGA § 16-8-2) or, as *Byrd* implies, theft by conversion under OCGA § 16-8-4 (a). See *Byrd* at 446-447.

Appellant was not indicted for conversion of money paid for real property improvement under OCGA § 16-8-15, which applies to real property improvement contracts and expressly requires the "intent to defraud." Perhaps because "intent to defraud" could not easily be proved, appellant was indicted for theft by conversion under § 16-8-4 (a), which requires only that money be "knowingly convert[ed]" after being obtained "under an agreement . . . to make a specified application of such funds or a specified disposition of such property."

The indictment does not allege what improvements appellant was supposed to perform for $4,000. The evidence in this case, as in *Hill*, "shows the existence of an enforceable contract, the breach of which would be civilly actionable [but it] does *not* show the existence of a violation of the criminal provisions of OCGA § 16-8-4 (a)." *Hill* at 2. The evidence does not prove beyond a reasonable doubt that the parties had "an agreement . . . to make a specified application" of the $4,000.

In any event, the evidence does not prove appellant "knowingly convert[ed] the funds . . . to his own use" as required by OCGA § 16-8-4 (a).

The deficiencies in proof are manifested by the State's assertion that after pouring concrete for the porch in a shoddy manner, appellant left and refused to communicate for "almost a year." The documents of record show that the agreement was entered on March 6, 1991 and that Mr. Stanley swore out the warrant on July 18, 1991. The evidence shows that it did rain during those four months, and that appellant did pour the concrete for the porch. The evidence was in dispute about what work was supposed to be done within what period of time, and shows the Stanleys' frustration in being unable to contact appellant. It is very bad business for a contractor to avoid communicating with his customer and to fail to show up for work, and doing so may cost him bad faith assessments in a civil case. But unless it continues for such a time or in such a manner as to authorize a conclusion beyond a reasonable doubt of the intent to defraud, steal or convert the money paid, it hardly forms the basis for a criminal

conviction. Even if appellant failed a duty to make a specified appli-
cation of the $4,000, the evidence does not prove beyond a reasonable
doubt that from March until July 18 when Mr. Stanley took out a
warrant, appellant *knowingly converted* the funds to his own use. Ap-
pellant did some of the work although he may have done it poorly,
and he may have breached his contract in bad faith; but criminal in-
tent to take the money without attempting to do the work, i.e., to
commit theft by conversion, is not proved beyond a reasonable doubt.

The trial court erred in failing to grant a directed verdict of ac-
quittal to appellant. It is therefore unnecessary to consider the trial
court's failure to give appellant's requested charges to the jury.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1993.

*James G. Maddox*, for appellant.
*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant
District Attorney*, for appellee.