A02A1341, A02A1504. BLANTON v. BANK OF AMERICA; and vice versa.

(567 SE2d 313)

ELDRIDGE, Judge.

Steven Blanton entered into a contract with an Atlanta area builder for the addition of a sunroom to his home based upon the builder's representation he could arrange for the necessary financing through the Bank of America f/d/b/a NationsBank of Georgia, N.A. (the "Bank"). Initially, Blanton refused to close on the $16,905 second mortgage loan on his home because the Bank's check at closing made the proceeds of the loan payable jointly to the builder and him as a lump sum. Blanton alleged that he closed on the loan later the same day after the builder and a representative of the Bank advised him that, with his endorsement and that of the builder on such check, the loan proceeds would be held by the Bank and paid out incrementally as work was done.

When the builder later failed to perform, Blanton and his wife sued the Bank claiming damages resulting from the Bank's lien against his home upon the deed to secure debt on the loan,[1] and averring claims for fraud, conversion, and violations of the civil Racketeer Influenced and Corrupt Organizations ("RICO") law, OCGA § 16-14-1 et seq.

Prior to trial, Blanton amended the complaint to comply with the superior court's order as to the Bank's motion to dismiss or for a more definite statement dismissing Mrs. Blanton's claims as time-barred and requiring Blanton to more definitely state his fraud claim. Thereafter, the superior court granted the Bank summary judgment regarding the fraud count of Blanton's complaint, but denied it summary judgment as to the conversion and civil RICO counts thereof. At trial, the Bank moved for a directed verdict as to the latter, having reserved its motions at the close of Blanton's case and at the close of its evidence except as to punitive damages. The jury, upon clear and convincing evidence, then returned its verdict and found the Bank

---

[1] The record shows that the Bank never required Blanton to make a payment on the loan, forgave the loan, and released the corresponding lien on his property.

liable to Blanton under the civil RICO Act for commission of the predicate act of theft by conversion. In addition to awarding Blanton attorney fees in the amount of $58,000, the jury awarded him $4,500 in general and special damages, and $20,000 in punitive damages. The superior court later ruled on the Bank's motion for judgment notwithstanding the verdict ("judgment n.o.v.") as to the award of attorney fees to Blanton and reduced the same from $58,000 to $9,666.

In Case No. A02A1341, Blanton appeals from the grant of the Bank's motion for judgment n.o.v., contending (1) that the motion was waived at trial because the Bank failed to challenge the jury's award of attorney fees as not supported by proof which allocated them to the specific predicate acts averred as underlying his civil RICO case; (2) that the superior court lacked authority to reduce the award of attorney fees, the civil RICO Act permitting attorney fees to be proven in the absence of such allocation;[2] and (3) even were such proof required, the proper remedy would have been to conduct a hearing on the issue of attorney fees in order to receive such evidence.

The Bank cross-appeals in Case No. A02A1504 and contends that the superior court erred in denying its motion for a directed verdict in that (1) there was no evidence of theft by conversion, the criminal offense Blanton alleged to be the predicate act which supported his civil RICO claim; (2) the oral escrow agreement which Blanton allegedly reached with the Bank which called for the incremental payment of the proceeds of the loan was inadmissible as violative of the Statute of Frauds and barred under the parol evidence rule; and (3) there was no evidence of Blanton's damages claims for credit impairment and future tax liability in that these were preempted and time-barred by the Fair Credit Reporting Act and too speculative, respectively.

Because the superior court erred in denying the Bank a directed verdict for want of evidence showing theft by conversion as the predicate act underlying Blanton's civil RICO claim, we reverse upon the Bank's cross-appeal in Case No. A02A1504 and thus dismiss the main appeal by Blanton as moot. *Held*:

> The standard of review on appeal from the denial of a motion for directed verdict or for judgment notwithstanding the verdict is "any evidence." OCGA § 9-11-50 (a); *Crump v.*

---

[2] In this regard, Blanton relies on OCGA § 16-14-6 (c) insofar as it provides "[a]ny person who is injured by reason of any violation of Code Section 16-14-4 shall . . . also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation reasonably incurred."

*McDonald*, 239 Ga. App. 647, 648 (520 SE2d 283) (1999). However, "any evidence" means any evidence "sufficient under the applicable standard"; here, the standard is clear and convincing evidence. [See *Tronitec, Inc. v. Shealy*, 249 Ga. App. 442, 448 (547 SE2d 749) (2001) (standard of proof under RICO statute clear and convincing evidence).] As such, under a clear and convincing evidence standard there must be substantial evidence to constitute "any evidence" to support a verdict under such intermediate standard of proof; a scintilla or slight amount of evidence would not satisfy such a higher standard of proof.

*In re Copelan*, 250 Ga. App. 856 (553 SE2d 278) (2001).

As based on theft by conversion under OCGA § 16-8-4, Blanton's civil RICO claim in this construction case required, among other things, that Blanton introduce clear and convincing evidence that the Bank obtained his property or funds for the purpose of making a "specified application" or disposition of his property.[3] *Lovell v. State*, 235 Ga. App. 140, 142 (b) (508 SE2d 771) (1998). However, by his amended complaint, Blanton avers only that he and the Bank entered into an oral agreement which obligated the Bank to hold the proceeds of his loan and pay them over to his contractor "in small increments as work was completed on [his] house," this, only upon an oral agreement with the Bank rather than specified in the loan documents. Pretermitting whether such oral agreement was inadmissible as in violation of the Statute of Frauds or of the parol evidence rule, theft by conversion does not lie, as a matter of law, where, as here, only a failure to disburse funds for *general* application in breach of contract is alleged. Id.; see *Myrick v. State*, 210 Ga. App. 393, 394 (436 SE2d 100) (1993) (theft by conversion requires showing that money or property be obtained under agreement to make a specific application of the money); see also *Hill v. State*, 198 Ga. App. 1, 2 (1) (401 SE2d 48) (1990). Moreover, "[i]n order for an individual to recover under RICO, his injuries must flow from the commission of the predicate acts. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U. S. 479 (105 SC 3275, 87 LE2d 346) (1985)." (Punctuation omitted.) *Longino v. Bank of Ellijay*, 228 Ga. App. 37, 40-41 (2) (491 SE2d 81) (1997). Having failed to allege the predicate act on which he purported to base his civil RICO claim, Blanton was not entitled even to sue

---

[3] OCGA § 16-8-4 (a) provides:
A person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another . . . under an agreement or other known obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation.

thereon. See id. (plaintiff has standing to sue under RICO only if his injury proximately caused by commission of predicate act). It follows that there was no entitlement to the jury's verdict. *In re Copelan*, supra.

Inasmuch as the superior court erroneously failed to grant the Bank a directed verdict, it is unnecessary to address the Bank's remaining claims of error in Case No. A02A1504, and Case No. A02A1341 is dismissed as moot.

*Judgment reversed in Case No. A02A1504. Appeal dismissed in Case No. A02A1341. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 29, 2002 —
RECONSIDERATION DENIED JUNE 25, 2002 — 

*Jeffrey L. Sakas, Michael P. Froman*, for appellant.
*Parker, Hudson, Rainer & Dobbs, William J. Holley II, Julie D. Arp*, for appellee.