## A03A1864. BLANTON v. BANK OF AMERICA.
(587 SE2d 411)

BLACKBURN, Presiding Judge.

Following this Court's reversal of a jury's award to Steven Blanton on his Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO") claim against Bank of America f/d/b/a NationsBank of Georgia, N.A. ("Bank") in *Blanton v. Bank of America*,[1] and the trial court's subsequent order requiring Blanton to return funds tendered to him by the Bank, Blanton appeals, contending that the order to return funds was improper. For the reasons set forth below, we affirm.

In pertinent part, the record shows that, on January 4, 2002, the trial court entered a judgment of $43,166 against the Bank in Blanton's favor on the RICO claim. On or about January 23, 2002, the Bank tendered a check for $43,166 and a notice of satisfaction of judgment to Blanton. In response, Blanton informed the Bank both orally and in writing that he would not accept the satisfaction of judgment, that he did not consider the judgment to be satisfied, and that he planned to appeal the trial court's earlier reduction of his award of attorney fees following the jury's RICO verdict. Blanton then informed the Bank that he was undecided whether he wished to hold the check at that point, and the Bank replied that, even if Blanton chose to hold the funds, upon the resolution of the appeal in the Bank's favor, the funds would have to be returned. Blanton ultimately chose to hold the Bank's check during the appellate process, and he steadfastly refused to settle the matter.

On May 29, 2002, this Court reversed the RICO verdict against the Bank, and, on June 10, 2002, the Bank asked Blanton to return the funds tendered to him prior to the appeal. Blanton refused to do so, forcing the Bank to file a motion to compel. The trial court granted this motion on February 11, 2003, and Blanton has failed to comply, arguing that the trial court's order is unenforceable. We disagree.

1. As an initial matter, although the trial court explicitly pointed out that it considered arguments made by counsel at the hearing on the motion to compel in reaching its decision, Blanton chose not to include a transcript of that motion in the record on appeal.

> [I]t is incumbent upon [the appellant] to provide this Court with a record from which we can ascertain whether the trial court correctly ruled upon ([the] motion), and mere assertions of error in [the appellate] brief do not suffice. In the

---

[1] *Blanton v. Bank of America*, 256 Ga. App. 103 (567 SE2d 313) (2002).

absence of a sufficient record, we must assume that the trial court's ruling was proper.

*Galloway v. Linnell.*[2]

2. The trial court did not err by granting the Bank's motion to compel in order to properly carry out the judgment of this Court reversing Blanton's RICO case.

> OCGA § 5-6-10 provides that after remittitur of an appealed case is returned to the trial court, the decision and direction of the appellate court shall be respected and carried into full effect in good faith by the court below. Where a judgment is reversed and the case is remanded to the trial court with direction, it is the duty of the trial court in good faith to carry into full effect the mandate of this court. The rulings of our appellate courts are binding on the trial court in all subsequent proceedings in the case.

(Citations and punctuation omitted.) *Gold Kist v. Wilson*[3] (case reversed for second time when trial court exceeded its authority on remand and failed to carry out mandate of this Court).

Here, the Bank tendered $43,166 to Blanton prior to appeal. The evidence of record indicates that Blanton unequivocally refused this tender, and no settlement was ever reached. To the contrary, the record shows that the Bank had informed Blanton that, if it were successful on appeal, Blanton would have to return the Bank's check. Later, the Bank did, in fact, win on appeal, and, in order to effectuate the decision of this Court, the trial court ordered Blanton to return the funds. This action was entirely proper.

And Blanton's arguments to the contrary that the Bank made a voluntary payment to him pursuant to OCGA § 13-1-13 do not change this result, as the evidence does not support his claim. OCGA § 13-1-13 provides:

> Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or

[2] *Galloway v. Linnell*, 242 Ga. App. 221-222 (1) (529 SE2d 226) (2000).
[3] *Gold Kist v. Wilson*, 247 Ga. App. 107, 111 (542 SE2d 126) (2000).

286

property. Filing a protest at the time of payment does not change the rule prescribed in this Code section.

The record makes it clear in this case that the Bank allowed Blanton to retain the tendered check for $43,166 under the misplaced confidence that he would return the funds if the Bank were successful on appeal. Blanton cannot now take advantage of the Bank a second time by trying to argue that the tendered check which he retained is a voluntary payment pursuant to OCGA § 13-1-13.

Therefore, because the trial court was within its authority to grant the Bank's motion to compel, we affirm.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 18, 2003 — 

*Jeffrey L. Sakas*, for appellant.
*Parker, Hudson, Rainer & Dobbs, William J. Holley II, Julie A. Wood*, for appellee.