## 61709. NEAL v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of kidnappping, rape and aggravated sodomy.

1. The offenses of which appellant was convicted occurred on March 29, 1980; appellant threatened the victim with a knife and held it at her throat to effect the offenses. The state presented testimony of a woman who was raped at knife point by appellant in the same manner the preceding afternoon, in an apartment complex office about one mile from where the instant offenses occurred. Both

victims positively identified appellant as the perpetrator. Appellant contends it was error to permit testimony as to the rape occurring the afternoon before the instant offenses occurred. We do not agree.

Evidence of another crime is not admissible unless some logical connection can be shown between it and the crime charged when proof of one tends to establish the other, other than by showing bad character; it is admissible to show motive, plan, scheme, bent of mind or course of conduct, and "has been most liberally extended in the area of sexual offenses." *Johnson v. State,* 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). "There was sufficient similarity in each of these instances to make the evidence admissible . . . for illustrating his motive, plan, scheme, bent of mind and course of conduct." *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30) (1974). In the case sub judice, the evidence of a rape committed the preceding afternoon in a similar manner, i.e., by holding a knife to the victim's throat, was sufficient to make the evidence admissible under the rule set forth in *Johnson* and *Hicks,* supra.

2. Appellant contends that evidence relating to a. similar transaction violated the double jeopardy provision of the Fifth Amendment to the Constitution of the United States (Code Ann. § 1-805). However, that clause provides that no person shall "be subject *for the same offense* to be twice put in jeopardy of life or limb . . ." (Emphasis supplied.) Appellant was tried for offenses occurring March 29, 1980, with a different victim, and was not on trial for the rape occurring on March 28, 1980; thus, he was not twice put in jeopardy for the same offense. The double jeopardy clause, by its own terms, applies to a retrial for the same offense, and this did not occur in appellant's case. Thus, the enumeration is without merit.

3. Appellant next complains that the court erred in denying his motion to suppress physical evidence obtained from the home of appellant's sister and brother-in-law, where appellant was living.

The detective who arrested appellant was asked by appellant's brother-in-law to come to his house. On arrival, the detective asked appellant's sister, Joyce Banks, if appellant had ever worn a red toboggan hat. Banks replied yes, went to a back room, and returned with a hat, a knife and a pair of gloves, which she gave to the detective. Appellant contends that this was an illegal search and seizure requiring suppression of such evidence, as Banks was acting as an agent for the detective. There is no evidence to support this contention. It is apparent the detective did not search appellant's room at his sister's house; Banks gave the evidence to the detective voluntarily without being requested to do so. Thus, there was no search and seizure, and the trial court did not err in denying the motion to suppress. *Dickerson v. State,* 151 Ga. App. 429 (1) (260

SE2d 535) (1979); *Jenkins v. State,* 146 Ga. App. 458, 460 (3) (246 SE2d 466). See also *Moye v. Hopper,* 234 Ga. 230, 231 (2) (214 SE2d 920) (1975).

4. Lastly, appellant contends the trial court erred in allowing Chandler, the victim of the rape on March 28, 1980, to make an in-court identification of appellant. He contends that because Chandler picked appellant's picture from several photographs and immediately thereafter picked appellant from a lineup, her in-court identification was tainted. However, appellant fails to state how such pre-trial identifications tainted the in-court identification and cites nothing to support his contention. We find nothing to indicate that the pre-trial identification procedures were improper, or were impermissibly suggestive. See, generally, *Mitchell v. State,* 236 Ga. 251, 254 (2) (233 SE2d 650) (1976). Hence, this enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1981.

*Sharon A. Shade, Lawrence Lee Washburn III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.