### 68432. ATKINS v. THE STATE.
(325 SE2d 388)

BENHAM, Judge.

In a bench trial, appellant was convicted of burglarizing a building occupied by the Housing Authority of the City of McDonough. In his sole enumeration of error, appellant takes issue with the trial court's denial of his motion to suppress a post-arrest statement he made and the fruits of a warrantless search of an area within the curtilage of his home.

1. Because appellant has set forth no argument or citation of authority concerning the failure to suppress his post-arrest statement, that portion of his enumerated error must be deemed abandoned. *Kent v. State*, 157 Ga. App. 209 (6) (276 SE2d 881) (1981). We will turn our attention to the legality of the search of the area within the curtilage of appellant's residence and the subsequent seizure of items discovered there and used in evidence against appellant.

Before denying the motion to suppress, the trial court conducted a hearing at which the following facts were adduced: a burglary in which several pieces of sewer machinery and assorted hardware were taken from a housing authority building was discovered on the morn-

ing of March 7, 1983. After two police officers received anonymous tips during the day that some of the stolen items were at appellant's residence, three officers went to the house between 8:30 and 9:00 p.m. Realizing that they did not have probable cause to search, they did not apply for a search warrant; instead, they hoped to search the residence pursuant to a consent. As one officer approached a door to the house, the other officers took up positions in the backyard and side of the house, to ensure the safety of the approaching officer. Appellant's 17-year-old brother responded to the officer's knock at the door, orally consented to a search of the premises, and executed a written consent to search. Almost simultaneously with the execution of the written consent to search, the officer who had been deployed to the backyard announced that he had found something. The officer who had procured the consent to search completed the written form and then proceeded to the backyard where he identified the items discovered by his fellow officer as matching the description of some of the goods taken from the housing authority. The items were seized and subsequently used against appellant at trial.

" '[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.' [Cit.]" *Clare v. State*, 135 Ga. App. 281 (4) (217 SE2d 638) (1975). " 'Prima facie, a search made within the curtilage of the owner without a warrant is unconstitutional and void. "Curtilage" includes the yards and grounds of a particular address, its gardens, barns, buildings, etc.' [Cits.]" *Bunn v. State*, 153 Ga. App. 270 (2) (265 SE2d 88) (1980). See also *Staton v. State*, 164 Ga. App. 464 (1) (297 SE2d 375) (1982). However, "[a] warrantless search is justified when permission is obtained from a third party who possesses common authority over, or other sufficient relationship to, the premises sought to be inspected. [Cit.]" *Rucker v. State*, 250 Ga. 371 (11) (297 SE2d 481) (1982). Appellant contends that the search was illegal because the one giving consent was a minor; the search was completed before permission to search was given; and the officers actually searching were unaware of the grant of permission to search. Appellant also argues that the consent to search did not authorize the seizure of the items found.

2. Appellant contends that, as a matter of law, his 17-year-old brother, a minor, did not have sufficient legal authority over the home to permit him to give a valid consent to search the premises. However, we have been unable to locate a case which supports a general rule precluding a minor from giving a valid consent. Rather, each case rests its decision upon the factual situation presented therein, particularly the consentor's "common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United*

*States v. Matlock*, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242) (1974). In *Matlock*, the Supreme Court went on to state that "common authority . . . rests . . . on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." Id. 415 U. S. 171, n. 7. In cases where the person consenting to the search has not attained the age of eighteen, the courts have measured the minor's control over the area searched by examining whether the minor lived on the premises; whether the minor had a right of access to the premises and the right to invite others thereto; whether the minor was of an age at which he or she could be expected to exercise at least minimal discretion; and whether officers acted reasonably in believing that the minor had sufficient control over the premises to give a valid consent to search. See, e.g., *Harmon v. State*, 277 Ark. 265 (641 SW2d 21) (1982); *Doyle v. State*, 633 P2d 306 (Alaska 1981); *State v. Folkens*, 281 NW2d 1 (Iowa 1979); *Murphy v. State*, 355 S2d 1153 (Ala. App. 1978). In some cases, the courts have balanced the minor's right to the use and occupation of the premises against the concomitant right of the one against whom the fruits of the consent search are used. Each of the cases cited by appellant as supportive of invalidation of any consent to search given by a minor is a pre-*Matlock* decision or is a situation in which the minor was the child of the person against whom the fruits of the search were used, and the child's right to use or occupy the house was found to be less than that of his/her defendant parent. See *State v. Malcom*, 58 Del. 1 (203 A2d 270) (1964) (pre-*Matlock*); *May v. State*, 199 S2d 635 (Miss. 1967) (pre-*Matlock*); *Padron v. State*, 328 S2d 216 (Fla. App. 1976) (16-year-old son does not share "common authority" with his father over a dwelling place provided by the father); *Commonwealth v. Garcia*, 478 Pa. 406 (387 A2d 46) (1978) (16-year-old daughter did not have dominion and control over the house equal to that of her defendant mother since the mother had the power to determine the extent of her daughter's authority to admit people to the home); *Hembree v. State*, 546 SW2d 235 (Tenn. 1976) (rights of an 18-year-old son to use or occupation of premises are not necessarily equal to those rights of his parents). In *Raymond v. Superior Court of Sacramento County*, 19 Cal. App.3d 321 (96 Cal. Rptr. 678) (1971), also cited by appellant, the court directed that the motion to suppress be granted, noting that reliance upon a third party's consent to search was not justified where it was clear that the property to be searched (a dresser drawer) belonged to another.

After reviewing the case law on the subject, we are unwilling to adopt appellant's suggestion that a minor is, as a matter of law, inca-

pable of giving a valid consent to search. Instead, we choose to adopt a more studied approach to the issue and examine, as suggested by the Supreme Court in *Matlock*, supra, the minor's relationship to the premises or effect sought to be inspected. In so doing, we will scrutinize closely those indicia of authority used by several of our sister states: the minor's age, address, right of access and right of invitation. In the case at bar, the minor was 17 years old, an age at which he could be expected to exercise minimal discretion; he lived at the premises which were the subject of the consent search; he had a right of access to the yard searched and, presumably, the right to invite others into the yard. After careful scrutiny of these criteria, we conclude that the appellant's brother had the authority to consent to the search which uncovered items subsequently used to convict appellant of the burglary.

3. Having determined that the officers received a valid consent to search, we much proceed to appellant's contention that the search was unconstitutional because it was completed before his brother allowed the lawmen to search. The officer who actually received permission to search from appellant's brother testified that the brother had orally agreed to the intrusion immediately before the officer in the backyard found the items. While there can be no question that the discovering officer was a trespasser when he initially entered the curtilage of appellant's residence (see *Bunn v. State*, supra), his presence was authorized at the time he made the discovery. However, even the officer's intitially unauthorized presence does not require suppression of the items discovered, because "the consent given . . . is not only a consent to future searches and seizures, but it amounts to a waiver of the warrant requirement with respect to the search previously conducted . . . Therefore, even if the initial entry into [the curtilage surrounding appellant's house] resulted in a warrantless search or seizure, the subsequent voluntary, written consent to search . . . amounted to a waiver of the warrant requirement . . ." *State v. Williams*, 353 S2d 1299, 1304-5 (La. 1977). See also *State v. Cormier*, 438 S2d 1269 (La. 1983). A voluntary written consent to search having been executed in the case at bar, the prior warrantless entry into the curtilage, if any, was ratified.

4. Despite appellant's argument to the contrary, we refuse to hold that every officer actually taking part in a consent search must be aware that consent has actually been given. Cf. *Parker v. State*, 161 Ga. App. 37, 38 (288 SE2d 852) (1982). Furthermore, we note that the record in the case at bar contains the written consent to search in which appellant's brother authorized all three officers to conduct a complete search of the premises.

5. Appellant argues that the officers did not have probable cause to seize the items subsequently used against appellant. However, one

of the officers testified that the items seized fit the description of the missing items that he had received from the victim of the burglary. That is sufficient probable cause to seize the items.

6. Finally, appellant asks this court to condemn the search and seizure in this case because the actions occurred at night. However, we cannot state, as a matter of law, that a search conducted pursuant to a valid consent is rendered unconstitutional because it occurred at night.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1984 —
REHEARING DENIED DECEMBER 10, 1984 — 

*Wade M. Crumbley*, for appellant.

*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney*, for appellee.

