A89A1634. BROWN v. THE STATE.
(386 SE2d 903)

BANKE, Presiding Judge.

The appellant was convicted of aggravated child molestation based on evidence that he had sodomized a neighbor's child while accompanying the child and his own two minor sons on a camping trip. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty of aggravated child molestation beyond a reasonable doubt. See generally OCGA § 16-6-4(c); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in denying his motion to suppress as evidence a collection of slides and photographs of nude male children which had been seized from his home several months after the occurrence of the offense for which he was on trial. It was established without dispute at the hearing on the motion to suppress that the existence of these photographs first came to the attention of law enforcement officials due to the actions of the appellant's minor sons, who, of their own initiative, showed some of them to a deputy sheriff who had been dispatched to their residence to investigate a neighbor's complaint that a disturbance was in progress there. After the deputy's arrival, but before any search took place, the appellant's sons brought a group of the photographs to him, complaining that the appellant routinely made them disrobe and view such pictures as punishment for misbehavior. Because these photographs clearly were not obtained by the deputy as the result of any

unlawful intrusion, they were not subject to suppression on Fourth Amendment grounds. Accord *Neal v. State*, 159 Ga. App. 450, 451 (3) (283 SE2d 671) (1981); *Dickerson v. State*, 151 Ga. App. 429 (1) (260 SE2d 535) (1979).

The remaining slides and photographs were seized during two subsequent searches of the home, the first of which was conducted later that same evening pursuant to the written consent of the appellant's wife. There is no contention that the wife did not have sufficient authority over the premises to authorize this search. See generally *Barrow v. State*, 235 Ga. 635 (1), 636-7 (221 SE2d 416) (1975). The second search was conducted the following day pursuant to a warrant, the validity of which is challenged only on the ground that it was issued on the basis of the prior seizures. Inasmuch as the prior seizures were not unlawful, we hold that the trial court did not err in denying the motion to suppress.

3. The appellant further contends that the trial court erred in refusing to exclude the photographs and slides from evidence on the ground that they improperly placed his character in issue by establishing prior criminal misconduct on his part. It has not been suggested what criminal offense was established by the appellant's mere possession of these materials; and the appellant did not, in any event, obtain a ruling on this objection in the trial court. Although he did raise such an objection in a motion in limine filed prior to trial, that motion also sought the exclusion of evidence that he had pled guilty to five counts of cruelty to children in connection with conduct related to these materials; and a ruling was elicited from the trial court only on the latter aspect of the motion. During the trial, the only objection which the appellant made to the admission of the slides and photographs was that a "proper foundation and identification ha[d] not been made to submit these items into evidence as to where they were obtained and by whom they were obtained."

The failure to invoke a ruling on a motion in limine results in a waiver of the motion, *Delong v. State*, 185 Ga. App. 314 (363 SE2d 811) (1987); and a ground of objection not asserted in the trial court cannot be asserted upon appeal. See *Jennings v. State*, 169 Ga. App. 421 (312 SE2d 877) (1984). Under the circumstances, we hold that the appellant's objection to the admission of the photographs and slides on the ground that they improperly placed his character in issue was not preserved for appellate review.

4. The appellant complains that his character was also improperly placed in issue by the admission of the evidence concerning his prior convictions for cruelty to children. As previously indicated, the trial court did rule against the appellant on this aspect of his motion in limine, rejecting his argument that the offenses were insufficiently similar to the offense for which he was on trial to be admissible as

similar transactions or occurrences, as well as his argument that timely notice had not been provided to him pursuant to Rules 31.1 and 31.3 of the Uniform Superior Court Rules of the state's intention to present this evidence. However, an examination of the transcript reveals that the state did not attempt to introduce the evidence in question until after the appellant's counsel, during cross-examination of one of the state's witnesses, had already inquired about the charges and asked about their ultimate disposition. "The prosecution merely followed up on the issues injected by [the defendant]. Since defendant first opened the door to this line of questioning, he cannot now complain. [Cits.]" *Smith v. State*, 258 Ga. 181, 182 (366 SE2d 763) (1988).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 25, 1989.

*James E. Greene*, for appellant.

*Darrell E. Wilson, District Attorney, Kimberly L. Schwartz, Assistant District Attorney*, for appellee.