A89A1760. DOUGLAS v. THE STATE.

(390 SE2d 98)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of theft by receiving stolen property, giving a false name and possession of tools for the commission of a crime. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

Appellant enumerates only the general grounds. Construed most favorably for the State, the evidence shows the following: Police officers stopped appellant after observing him driving a stolen automobile at an excessive rate of speed. The automobile's steering column and radio evidenced damage which had not been present before the theft. In addition, the vehicle was being operated with no key in the ignition. Appellant and the other occupant of the vehicle, Calvin Sims, were arrested. The officers discovered four knobs from the vehicle's radio in appellant's pocket and a flat-head screwdriver in Sims' pocket. Flat-head screwdrivers are commonly used to break into vehicles and then to start the engine by breaking into the steering column. Although appellant told police that Sims had picked him up in the vehicle, he admitted that Sims had told him that the vehicle had been stolen. Appellant acknowledged that he knew something was "fishy" when Sims began to remove the radio. Appellant also admitted that he had lied to the officers about his name.

On this evidence, a rational trior of fact could reasonably have found appellant guilty of theft by receiving stolen property beyond a reasonable doubt. " 'While proof of knowledge that the property is stolen is an essential, "(t)his guilty knowledge may be inferred from

circumstances which would excite suspicion in the mind of an ordinary prudent man. (Cits.)" [Cit.]' [Cit.]" *Parrott v. State,* 188 Ga. App. 564, 566 (373 SE2d 828) (1988).

Although the screwdriver was found in the immediate possession of Sims, the evidence was sufficient to authorize a rational trior of fact to find appellant was likewise guilty beyond a reasonable doubt of the crime of possession of tools for commission of a crime. See generally *Solomon v. State,* 180 Ga. App. 636 (1) (350 SE2d 35) (1986).

The evidence that appellant admitted giving the police a false name "was sufficient to sustain the jury's finding that [appellant] violated [OCGA § 16-10-25 beyond a reasonable doubt]." *Johnson v. State,* 149 Ga. App. 273, 274 (1) (253 SE2d 889) (1979). See also *Mallory v. State,* 164 Ga. App. 569, 570 (4) (298 SE2d 290) (1982). Compare *Preston v. State,* 257 Ga. 42, 44 (1) (354 SE2d 135) (1987).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 8, 1990.

*Kenneth D. Feldman,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney,* for appellee.

