## A89A1691. TESTON v. THE STATE.
(390 SE2d 437)

SOGNIER, Judge.

Clinton Teston, Jr. appeals from his conviction for violation of OCGA § 16-8-15, conversion of payments for real property improvements.

1. Appellant first enumerates the general grounds. He was charged with misappropriating funds entrusted to him for construction of a house for "Debbie Harrell." The jury would have been authorized to find that appellant, a residential builder, obtained a $38,000 construction loan from Broxton State Bank (the Bank) and began construction of a single family residence in Coffee County in 1987. Although Gene Merritt, a Bank vice president, testified that he understood the loan to be for the "Harrell" project, and the loan documents executed by appellant and the Bank included the handwritten notation "Harrell," the loan documents provided that the purpose of the loan was "business — construction." The documents also stated that the loan was secured by goods purchased with the loan proceeds, collateral securing appellant's other loans, appellant's deposits with the Bank, and a deed to secure debt dated 10-22-86 (al-

though the deed to secure debt was not introduced). No evidence was presented to indicate that Debbie Harrell provided any security for the loan or paid any interest or other charges imposed by the Bank, and she did not testify at trial. Merritt testified that appellant drew the entire loan amount, and that the Bank foreclosed on the property at issue in the summer of 1987.

The evidence further disclosed that appellant purchased materials from Lott Builders Supply Company on account in May and June 1987. Gerald Hunter, Lott's credit manager, testified that the materials were charged to appellant's account for the "Debbie Harrell" house because Hunter thought the house appellant was building was to be sold to Harrell, but he later learned that appellant was building the house as a speculative construction project. When Teston failed to pay for approximately $7,000 worth of materials, a Lott representative swore out a warrant against appellant. Lott's sales manager testified that after the Bank foreclosed on the property he examined the partially completed house and determined that the materials appellant purchased from Lott had been incorporated into the structure.

OCGA § 16-8-15 provides that "[a]ny . . . contractor . . . who with intent to defraud shall use the proceeds of any payment made to him on account of improving *certain real property* for any other purpose than to pay for labor or service performed on or materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such labor, services, or materials remains unpaid commits a felony . . . . A failure to pay for material or labor furnished for such property improvements shall be prima-facie evidence of intent to defraud." (Emphasis supplied.) In *Johnson v. State*, 203 Ga. 147, 150, 151 (45 SE2d 616) (1947), the Supreme Court construed Ga. Code Ann. § 26-2812, a predecessor statute to Ga. Code Ann. § 26-1808.1 and OCGA § 16-8-15, as creating "a form of larceny after trust. It applies to transactions wherein payments are made for the purpose of improving real property. . . . The object of the act was to make penal the conversion of funds delivered for the purpose of applying to labor and material cost, with a provision that there would be a conversion when such funds were otherwise used while there remained any unpaid labor or material cost." To convict a defendant under the statute, "it is necessary to prove the creation of the trust described in the indictment and a fraudulent breach of it in the manner alleged." *Davis v. State*, 122 Ga. App. 311, 315-316 (176 SE2d 660) (1970).

We agree with appellant that the evidence was not sufficient to establish the essential element of misuse of "proceeds of any payment made to him on account of improving certain real property" — i.e., creation of a trust — beyond a reasonable doubt so as to satisfy the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781,

61 LE2d 560) (1979). The indictment charged appellant with misappropriation of "proceeds of payments made to him on account of improving certain real property, to wit: a house being built for Debbie Harrell in Coffee County." However, the evidence did not establish that appellant was entrusted with funds for the specific purpose (the Harrell house construction) set forth in the indictment so as to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt according to the standard set forth in *Jackson*, supra. There is no indication that *Harrell* made any payments to appellant for construction of a house, or even that Harrell had entered into a contract to purchase the house from appellant. Indeed, the evidence showed that the house was a speculative construction project. The funds drawn by appellant pursuant to his construction loan with the Bank were shown by the loan documents to be for "business — construction." Nothing in those documents provided that the funds were to be used *only* for "a house being built for Debbie Harrell." Further, the loan was secured by appellant's assets, not by Harrell. While Gene Merritt referred to the "Harrell" project, he did not testify that appellant was required to use the loan proceeds solely for the house at issue. Moreover, Merritt stated that appellant had not defrauded the Bank in his use of those proceeds, and that appellant's failure to repay the loan was attributable to bad business management and a downturn in the housing market. Compare *Stowe v. State*, 163 Ga. App. 535, 536 (1) (295 SE2d 209) (1982), wherein we found the evidence sufficient for conviction because the contractor, lender, and purchasers of the home had entered into a contract specifying that a construction account would be set up by the lender from which the contractor was to draw funds to be used solely to procure labor and materials for the construction of a house for the purchasers. We find that under the evidence presented the jury was not authorized to conclude that appellant was entrusted with money paid to him "on account of improving certain real property" — a house for Debbie Harrell — see *Tant v. State*, 81 Ga. App. 633-634 (59 SE2d 557) (1950), and thus the trial court erred by denying appellant's motion for directed verdict of acquittal. See generally *Brown v. State*, 250 Ga. 862, 864-865 (1) (302 SE2d 347) (1983).

2. Because of our decision in Division 1, we need not consider appellant's other enumeration of error.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 25, 1990.

*C. Jerome Adams*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assis-*

*tant District Attorney*, for appellee.