A90A1337. THE STATE v. WHITE.
(398 SE2d 778)

BANKE, Presiding Judge.

The state brings this appeal from the grant of the defendant's motion to suppress evidence in a prosecution for possession of cocaine with intent to distribute.

While on routine patrol at approximately 10:00 p.m. on June 5, 1989, officers Kelley and O'Brien of the DeKalb County Police Department saw a car containing three men parked in the driveway of the defendant's home. The man in the back seat of this vehicle, who proved to be the defendant, was talking to a fourth person who was standing outside the car. According to Officer Kelley, when this latter individual looked up and saw the patrol unit, he got a "real surprised look, a scared look on his face" and walked away. On the basis of these observations, combined with his knowledge that the street in question had been the scene of "increased drug traffic," Officer Kelley got out of his patrol unit, walked up to the vehicle and looked inside. At this time, he observed the defendant make a motion with his hand "like he was attempting to hide something down by his side." He then

instructed the defendant to get out of the vehicle. After the defendant had complied, he shined a flashlight around the area where he had been seated and observed a clear plastic bag protruding from the crevice between the bottom and top of the back seat, containing a number of "small green zip locked plastic bags with a compressed white powder substance which appeared to be crack." *Held*:

" 'On a motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support (them).' *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459) (1974)." *Ward v. State*, 193 Ga. App. 137, 138 (387 SE2d 150) (1989). Reviewing the evidence pursuant to this standard, we hold that the trial court was authorized to grant the motion to suppress. The defendant was, after all, merely sitting in a car in what proved to be his own driveway; and we do not believe the mere fact that the individual to whom he was talking got a startled look on his face and walked away upon seeing the police, combined with the officers' knowledge that the area was known for drug trafficking, was sufficiently indicative of criminal wrongdoing on anyone's part to justify an investigatory detention pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). Compare *Frankum v. State*, 174 Ga. App. 660 (1) (331 SE2d 52) (1985).

The state's reliance on this court's decision in *Watson v. State*, 190 Ga. App. 696 (379 SE2d 817) (1989), as authority for a contrary conclusion is misplaced. Acting on knowledge that the police "had been having a lot of cars with dealer drive-out tags that came back to be stolen," the officer in that case had merely approached a vehicle bearing such a tag and asked the driver to produce his driver's license. A police officer may ask a driver to produce his driver's license with only minimal reason to suspect criminal wrongdoing. Cf. *Chumbley v. State*, 180 Ga. App. 603 (349 SE2d 823) (1986). Indeed, he may do so in some instances without any suspicion of criminal wrongdoing at all. See *Sapp v. State*, 188 Ga. App. 700 (374 SE2d 114) (1988). However, since the vehicle at issue in the present case was parked in a private driveway and had not been observed moving, no such pretext for approaching it was available to the officers. Moreover, the suspicion upon which they were acting was directed to the entire population of the neighborhood rather than merely to a limited number of vehicles being operated without valid license tags. Thus, the officers were in effect claiming the authority to detain anyone in the area who exhibited furtive behavior. We hold that the trial judge was authorized under these circumstances to conclude that the investigative inquiry was unlawfully premised "on no more than a mere hunch or inclination." *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 30, 1990.

Robert E. Wilson, District Attorney, Jeffrey H. Brickman, Assistant District Attorney, for appellant.
Michael M. Sheffield, for appellee.