A90A2212. HUDSON v. THE STATE.
(401 SE2d 571)

POPE, Judge.

Defendant Harold Curtis Hudson was indicted for five counts of conversion of payments for real property improvements in violation of OCGA § 16-8-15. The jury found him guilty on two counts and he was sentenced to serve ten years on probation, pay restitution to the victim plus court costs at the rate of $200 a month, and ordered to perform 300 hours of community service work. He appeals from the verdict and judgment thereon.

1. Defendant contends the trial court erred in overruling his mo-

tion for new trial because the weight of the evidence was contrary to the verdict. The evidence showed defendant contracted to build a house for Mr. and Mrs. Alan Ponders at an estimated construction cost of $114,000. After work began in October of 1988, the first payment of $10,000 was made on November 28, 1988, which defendant told Ponders would cover payments for the foundation, blocks and labor. When Ponders made the next payment of $14,000 on December 22, 1988, defendant told him it would be used to pay for materials supplied by Bradley Builders and labor for framing the house. Ponders made another payment of $10,000 on January 6, 1989, after 35 percent of the project was complete. The final payment, consisting of two checks totalling $15,000, was made on January 30 when the house was 42 percent completed. Although the bank would approve only a $10,000 draw from the construction loan, Ponders wrote a second check for $5,000 due to defendant's insistence that more money was needed to pay for materials and labor used on his property, including Bailey Plumbing & Electric and Southern Wholesalers. After that time Ponders could not find defendant at the building site, even though he checked it as often as 12 times a day. When he finally did locate defendant at his home, he assured Ponders he was in no financial trouble. However, on February 16, 1989, defendant filed for Chapter 7 bankruptcy protection. Subsequent thereto, three materialmen's liens and one labor lien were filed against the Ponderses' property under construction.

At the time he filed bankruptcy, defendant had several other projects under construction, against which various liens were filed. On the same day he filed the bankruptcy petition, defendant executed a builder's affidavit for an addition to a house owned by Gary Jackson attesting that all materials and labor had been paid. Under cross-examination, defendant admitted that he "was not aware" whether or not such bills had actually been paid. According to the accountant for Bradley Builders, defendant made no payments for the Ponders job and the last payment he made to Southern Wholesalers for any of his construction accounts was November 21, 1988. Under cross-examination defendant was uncertain whether he had ever used funds from his construction company account to pay personal debts. However, the joint personal bank account maintained in his and his wife's names listed 14 insufficient funds charges on the December 1988 statement, and none on the January 1989 statement. Also, numerous cash withdrawals were made from and personal checks were drawn on defendant's business account during the months the Ponderses' checks were deposited, totalling $17,791 in funds unaccounted for. The jury found defendant guilty of converting payments for real property improvements that were due to Bradley Builders and Southern Wholesalers.

"The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. We find that a rational trier of fact could find from the evidence adduced at trial proof of [defendant's] guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Citations and punctuation omitted.) *Bonner v. State*, 192 Ga. App. 721 (1) (386 SE2d 379) (1989). See *Stowe v. State*, 163 Ga. App. 535 (295 SE2d 209) (1982). Compare *Teston v. State*, 194 Ga. App. 324 (1) (390 SE2d 437) (1990).

2. Defendant complains that the trial court erroneously admitted evidence of similar transactions involving conversion of payments for real property improvements between defendant and other individuals. He argues that presenting evidence of these transactions for which he was not charged was too confusing to the jury and unduly prejudicial, because they were so similar it was impossible to know if the jury found him guilty of the crimes charged or the similar transactions.

We find no merit in this contention. The evidence was ruled admissible at trial because it showed defendant had also converted payments made by other people who had hired him to make improvements to their property during the same time period. The trial court twice instructed the jury that this evidence was being allowed solely for the purpose of illustrating defendant's state of mind, motive, intent, good or bad faith, scheme, course of conduct, etc., and for nothing else. Evidence of this nature is admissible only if there *is* sufficient similarity or connection between the independent transactions and the offense charged. See *Flanagan v. State*, 193 Ga. App. 408 (2) (388 SE2d 29) (1989). As pointed out by defendant, that was clearly the case here where the independent transactions involved substantially the same subcontractors and materialmen, the liens were filed on the property by either Bradley Builders or Southern Wholesalers, and all of the conversions were committed by defendant in late 1988.

"In the instant case, the [independent transactions] evidence was introduced for a limited evidentiary purpose, as to which the trial court instructed the jury. The [defendant's] identity as the perpetrator of the independent [transactions] was established. . . . We agree with the trial court that a sufficient similarity existed between the crime charged and the other [transactions], such that proof of the latter tended to prove the former. [Cit.] We find no error." *Terry v. State*, 259 Ga. 165, 169 (377 SE2d 837) (1989).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 18, 1991.

*E. Crawford McDonald, Jeffrey J. Dean, Gregory H. Kinnamon,* for appellant.

*Jack O. Partain III, District Attorney, David T. Blackburn, Kermit N. McManus, Assistant District Attorneys,* for appellee.