## A91A1724. DAVIS v. THE STATE.
(414 SE2d 902)

ANDREWS, Judge.

Davis was sentenced in 1985 to ten years probation for drug possession without an adjudication of guilt under the provisions of the First Offender Act of OCGA § 42-8-60. On January 28, 1991, Davis

was arrested for violation of his probation for possession of drugs which had been found in his residence. Thereafter, the State filed a petition for an adjudication of Davis' guilt and for the imposition of a sentence and Davis filed a motion to suppress the items which had been taken in the search. The trial court denied the motion, found that Davis had violated the terms of his probation and revoked his first offender sentence. Davis filed an application for discretionary appeal, the application was granted and the issue presently before us is whether the denial of Davis' motion to suppress was proper.

The evidence before the court at the hearing on the motion to suppress was that at approximately 3:30 p.m. on January 28, 1991, defendant Davis' ten-year-old stepson, Darrin Davis, dialed 911 and spoke with Deputy Kirby in the Douglas County Sheriff's Department. Darrin told the deputy that he knew that drugs were in his house; that the drugs belonged to his mother and father; and that he "would like to get them some help." He said that his mother would be home at approximately 4:30 p.m. and asked for someone to come and help him before she got home that day.

Deputy Kirby dispatched Deputy Cheryl Smith to Davis' home with instructions that she needed to arrive there quickly because Darrin's mother would be home at 4:30 p.m. Because Deputy Smith had difficulty in locating Davis' house, Deputy Kirby called Darrin and asked him to wait outside. Darrin complied with the deputy's request.

When Deputy Smith arrived, Darrin led her into a bedroom and showed her a small makeup mirror with a white powdery substance on it, a razor blade, and a bag of marijuana. After seeing these items, the deputy telephoned the station and requested that Captain Wheeler join her at the house.

Captain Wheeler arrived at Davis' house before Darrin's mother got home and Deputy Smith gave him the narcotics which she had seized and he placed them in his automobile. At that point, Darrin invited Wheeler into the house and he waited with Deputy Smith and Darrin for Darrin's mother to come home.

Darrin's mother arrived at approximately 4:30 p.m. With her consent, her purse was searched and additional contraband was seized. She was arrested and she refused to permit the officers to search the house. She summoned Davis home and he was arrested and also refused to consent to a search of the premises.

1. In all three enumerations of error, Davis challenges the validity of the search and the denial of his motion to suppress. He first contends that the trial court erred in denying the motion to suppress since Darrin, a ten-year-old child, did not have the authority to consent to the search.

Assuming that the officers' action here constituted a search

within the meaning of the Fourth Amendment,[1] we examine first the trial court's findings of fact, which were supported by the record. "On a motion to suppress evidence, the trial judge sits as the trier of the facts, hears the evidence, and his findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them." (Citations and punctuation omitted.) *State v. White*, 197 Ga. App. 426, 427 (398 SE2d 778) (1990). In finding that Darrin had sufficient legal authority over the house to consent to the search, the trial court observed that Darrin appeared bright, articulate and educated. The trial judge found that Darrin's daily routine demonstrated that he had the requisite authority over the house to consent to the search in that he was a "latchkey" child, who regularly stayed home after school by himself, used a key to let himself into the house, called his mother from her bedroom to inform her when he arrived safely and was then home alone from after school until approximately 4:30 p.m. (about an hour and-a-half). The trial court also found that Darrin had been educated about drugs and their harmful effects at school and that he called the sheriff's department because of his desire to help his parents, whom he reasonably believed to be involved in drug usage. The court also found that Darrin invited Deputy Smith into the house and pointed out what he believed to be drugs.

Testimony at the hearing indicated that Darrin was not allowed to invite friends to the house in his mother's absence, although he was permitted to invite friends there when his parents were home. He had also been instructed to call 911 if trouble arose when his parents were not home.

Based on these facts, the trial court did not err in denying the motion to suppress and ruling that Darrin had sufficient authority to consent to the search. In order for a third party to validly consent to a search, it is necessary that he possess common authority over, or some other sufficient relationship to the premises or objects to be inspected. *United States v. Matlock*, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Peek v. State*, 239 Ga. 422 (2) (238 SE2d 12) (1977).

*Atkins v. State*, 173 Ga. App. 9 (325 SE2d 388) (1984), affirmed and remanded, 254 Ga. 641 (331 SE2d 597) (1985), outlined the mandatory factors to be considered in determining whether a minor has the requisite common authority to consent to a search and established a totality of the circumstances approach to the determination. "In cases where the person consenting to the search has not attained

---

[1] But see *Brown v. State*, 193 Ga. App. 26 (2) (386 SE2d 903) (1989); *Neal v. State*, 159 Ga. App. 450 (3) (283 SE2d 671) (1981).

the age of eighteen, the courts have measured the minor's control over the area searched by examining whether the minor lived on the premises, whether the minor had a right of access to the premises and the right to invite others thereto, whether the minor was of an age at which he or she could be expected to exercise at least minimal discretion; and whether officers acted reasonably in believing that the minor had sufficient control over the premises to give a valid consent to search." *Atkins*, supra, 173 Ga. App. 9, 11.

Although, on appeal, the Georgia Supreme Court remanded the case to the trial court for a further suppression hearing regarding the minor's right of access and right of invitation, in doing so, it stated: "[W]e find that the Court of Appeals correctly identified the factors which should be considered in making a determination as to validity: the minor's age, address, right of access, and right of invitation. As suggested by the Court of Appeals, an analysis of these factors will indicate the minor's relationship to the premises or effect sought to be inspected, which is the fundamental consideration in any third party consent search." Id. at 642.

We do not interpret *Atkins* as mandating a mechanical application of the criteria. Instead, the case-by-case analysis which *Atkins* explicitly adopted, is consistent only with a totality of the circumstances approach. See also *Rajappa v. State*, 200 Ga. App. 372 (408 SE2d 163) (1991).

Evaluating the instant case with a totality of the circumstances analysis compels the conclusion that Darrin had the requisite authority and control over the house to consent to the search. The evidence established that the *Atkins* requirements were substantially met and that Darrin's individual personality and daily routine established that he had sufficient control over the premises to give valid consent to search. Furthermore, the police officers acted reasonably in assuming that Darrin had sufficient control over the premises (see *Illinois v. Rodriguez*, ___ U. S. ___ (110 SC 2793, 111 LE2d 148) (1990)), and exercised such discretion and control with regard thereto that he could consent to the search. In the absence of his parents, Darrin possessed sufficient common authority of the premises to consent to the search. Accordingly, the trial court did not err in refusing to suppress the evidence.

2. We need not address Davis' second and third enumerations because of our conclusion in Division 1.

*Judgment affirmed. Birdsong, P. J., Carley, P. J., Pope, Beasley, JJ., and Judge Arnold Shulman concur. Sognier, C. J., McMurray, P. J., and Cooper, J., dissent.*

McMurray, Presiding Judge, dissenting.

In *Atkins v. State*, 173 Ga. App. 9 (325 SE2d 388), the police

searched the defendant's premises pursuant to the oral and written consent of the defendant's 17-year-old brother. They discovered and seized evidence which was used against the defendant at trial. The defendant moved to suppress the evidence, taking the position that his "brother, a minor, did not have sufficient legal authority over the home to permit him to give a valid consent to search the premises." The motion was denied. On appeal, this Court declined to hold that a minor cannot, as a matter of law, give a valid consent to search. Instead, this Court opted to take a more studied approach, scrutinizing "those indicia of authority used by several of our sister states: the minor's age, address, right of access and right of invitation." This Court concluded that the defendant's 17-year-old brother was authorized to consent to a search of the defendant's residence.

In concluding that the search in *Atkins* was legal, this Court surveyed the case law of other jurisdictions and observed: "In cases where the person consenting to the search has not attained the age of eighteen, the courts have measured the minor's control over the area searched by examining whether the minor lived on the premises; whether the minor had a right of access to the premises and the right to invite others thereto; whether the minor was of an age at which he or she could be expected to exercise at least minimal discretion; and whether officers acted reasonably in believing that the minor had sufficient control over the premises to give a valid consent to search."

Examining these factors in light of the evidence adduced below leads me to the conclusion that defendant's stepson did not have authority to consent to a search of the premises. True, defendant's stepson lived on the premises. And he was permitted to enter his parents' bedroom after school for the limited purpose of telephoning his mother. But he was not allowed to invite friends into the house without his parents' permission.

More importantly, I do not believe that a ten-year-old child can be expected to exercise "at least minimal discretion" in matters such as this. And I fail to see how any police officer could reasonably believe that a ten-year-old child, no matter how bright, has sufficient authority over premises to give a valid consent to search. Compare *Rajappa v. State*, 200 Ga. App. 372 (2) (408 SE2d 163) (defendant's 15-year-old daughter "could be expected to exercise at least minimal discretion" and police could reasonably believe she had control over the premises because she said defendant was out of town and police observed that adults on the premises allowed her to handle the police interview without assistance). I must conclude, therefore, that the consent to search defendant's premises was not valid.

My conclusion in this regard is bolstered by the fact that Darrin was defendant's stepson — not defendant's sibling. Thus, unlike *Atkins v. State*, 173 Ga. App. 9, supra, in which the consenting minor

was the defendant's brother, Darrin's right to use the premises was of necessity less than the right of defendant. See in this connection, *Atkins v. State*, 173 Ga. App. 9, 11, supra ("In some cases, the courts have balanced the minor's right to the use and occupation of the premises against the concomitant right of the one against whom the fruits of the consent search are used.")

I would hold that the trial court erred in failing to grant the motion to suppress evidence. Accordingly, I respectfully dissent.

I am authorized to state that Chief Judge Sognier and Judge Cooper concur in this dissent.

DECIDED JANUARY 14, 1992 —
RECONSIDERATION DENIED JANUARY 31, 1992 —

*Jay W. Bouldin*, for appellant.
*David McDade, District Attorney*, for appellee.