## A92A0143. JOHNSON v. THE STATE.
(419 SE2d 118)

COOPER, Judge.

Appellant was convicted of two counts of the sale of cocaine and was sentenced as a recidivist. He appeals from the entry of judgment on the verdict and sentence, raising three enumerations of error.

1. Appellant first enumerates as error the admission of evidence which allegedly placed appellant's character in issue. Specifically, appellant complains of the testimony of an officer, who assisted in appellant's arrest, that the officer recognized appellant from "pictures we had on file of him." Appellant raised no objection to this testimony at trial. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. [Cit.]" Fancher v. State, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

Appellant also complains of the admission of his testimony from a hearing prior to the trial wherein, after receiving Miranda warnings, he testified that at the time of one of the sales of cocaine with which he was charged, he was in a nightclub with friends and that he left the club for a few minutes to go to a store to buy a quart of beer. Appellant was then asked whether it took a long time to make a drug transaction, to which appellant replied that it would depend on the circumstances, and further stated, "if I had the drugs myself, it wouldn't take that long, but like if I had to go get them from someone else like the agent said it would take a little bit longer." Appellant contends this testimony also placed his character in issue. In our view, appellant only hypothetically referred to a criminal act. Such testimony was relevant to the alibi defense maintained by appellant at the hearing and was not evidence of general bad character admitted in violation of OCGA § 24-9-20 (b). "Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. . . . [Cit.]" Lewis v. State, 158 Ga. App. 586, 587 (1) (281 SE2d 331) (1981). We find no abuse of the trial court's discretion in admitting the testimony.

2. Appellant also contends the court erred in allowing demonstrative evidence, previously admitted into evidence, to be written upon by a witness for the State and thereafter go out with the jury during deliberations. Appellant argues that the jury's consideration of the diagram of the scene of the alleged crimes with the written additions unjustly advantaged the State by speaking to the jury more than once. " '(T)he [trial] transcript demonstrates that (appellant) raised no such specific objection in the trial court. "An enumeration of error complaining of admission of evidence or of documents going out with the jury presents nothing for decision by this court where no objection was made at the trial. (Cits.)" (Cit.) Accordingly, we find this enumeration of error to be without merit. (Cit.)' [Cits.]" *Kitchens v. State*, 198 Ga. App. 284, 286 (5) (401 SE2d 552) (1991).

3. Finally, appellant raises the general grounds and argues that the testimony of the GBI agent who made the case against appellant was contradictory and inconsistent. The record shows that the GBI agent was conducting an undercover drug operation and that a confidential informant directed the agent to a location where drugs could be purchased. When the agent and the informant arrived at the location, they observed several men standing around the area, including appellant, who walked over to their car and asked what they were looking for. When the informant answered that they were looking for a "good 20," appellant instructed them to drive down to the end of the street, turn around and come back. When they returned, appellant handed the agent $20 worth of crack cocaine, and the agent gave appellant $20 in state funds. Fifteen or twenty minutes later, the agent returned to make a second purchase, and after turning around again at the end of the street, the agent bought another $20 piece of crack cocaine from appellant. At the time of the purchases, the informant told the agent that appellant was known by the nickname, "Boo Boo." Local authorities said that "Boo Boo" was actually Alonzo Thomas, and an arrest warrant was prepared for Alonzo Thomas. Two months later, while the agent was in the process of arresting the subjects of the undercover operation, he received word that Alonzo Thomas was on his way to the police department to turn himself in. Shortly thereafter, the agent encountered appellant on the street. The agent testified that he had not seen appellant for two months and that as a result of seeing appellant again, he was 90-95 percent sure that appellant was the person who previously sold him cocaine. The agent also noticed that appellant was wearing the same shirt he wore two months earlier when the drug purchases were made. The agent then learned from other agents that appellant's nickname is "Bubba" and that his real name is Ira Joe Johnson. Realizing a mistake had been made in the warrant, the agent went to the police department to secure Alonzo Thomas' release, and appellant was ar-

rested several hours later. The agent testified that at the time of the arrest, he was 100 percent certain he had the right person.

" 'The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. We find that a rational trier of fact could find from the evidence adduced at trial proof of [appellant's] guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); [Cits.]" *Hudson v. State*, 198 Ga. App. 360, 362 (1) (401 SE2d 571) (1991).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1992.

*Benjamin Gratz, Jr.*, for appellant.
*David E. Perry, District Attorney, Melinda I. Ryals, Assistant District Attorney,* for appellee.