[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11256
Non-Argument Calendar
_____

Agency No. A205-570-970

ADERONKE ALADESANMI,
a.k.a. Rose Mary Aladesanmi,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 22, 2013)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Aderonke Aladesanmi seeks review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of the Immigration Judge's ("IJ") denial of cancellation of removal. The BIA concluded that Aladesanmi was statutorily ineligibile for cancellation of removal because she had been convicted of a crime involving moral turpitude. After review, we affirm.

## I.  BACKGROUND

At an unknown time and place, Aladesanmi, a Nigerian citizen, entered the United States without inspection. In 2004, Aladesanmi was convicted in Georgia of giving a false name, address, or date of birth to a law enforcement officer, in violation of O.C.G.A. § 16-10-25. After the Department of Homeland Security charged her as removable, Aladesanmi conceded removability and filed an application for cancellation of removal. Aladesanmi's application stated that her removal to Nigeria would constitute an exceptional and extremely unusual hardship to her child, who is a U.S. citizen.

The IJ denied Aladesanmi's application, concluding that her 2004 conviction constituted a crime involving moral turpitude, making her statutorily ineligible for cancellation of removal under Immigration and Nationality Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). The BIA dismissed Aladesanmi's appeal, concluding that violation of O.C.G.A. § 16-10-25 is categorically a crime of moral turpitude because an intent to deceive is an essential element of that offense.

2

## II.  DISCUSSION

Pursuant to INA § 240A, 8 U.S.C. § 1229b, the Attorney General has the

discretion to cancel removal of a nonpermanent resident who, among other things,

establishes she has not been convicted of an offense under § 212(a)(2).  INA

§ 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C).  Under INA § 212(a)(2), an alien is

inadmissible if she was convicted of acts that constitute the essential elements of a

crime involving moral turpitude.  INA § 212(a)(2)(A)(i)(I), 8 U.S.C.

§ 1182(a)(2)(A)(i)(I).  INA § 212(a)(2) does not define moral turpitude.[1]

We have said that moral turpitude involves "[a]n act of baseness, vileness, or

depravity in the private and social duties which a man owes to his fellow men, or

to society in general, contrary to the accepted and customary rule of right and duty

between man and man."  Itani v. Ashcroft, 298 F.3d 1213, 1215 (11th Cir. 2002).

In deciding whether a particular offense constitutes a crime involving moral

turpitude, we apply the categorical approach, looking at "the inherent nature of the

offense, as defined in the relevant statute, rather than the circumstances

---

[1]We review only the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision.  See Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1338-39 (11th Cir. 2008) ("When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.").  When an alien seeking review of a removal order has been convicted of a crime involving moral turpitude, our jurisdiction to review the petition is limited to constitutional claims or questions of law.  See INA § 242(a)(2)(C), (D), 8 U.S.C. § 1252(a)(2)(C), (D).  Thus, we have jurisdiction to review the legal question of whether an alien's conviction constitutes a crime involving moral turpitude, but we will defer to the BIA's interpretation if it is reasonable.  Sosa-Martinez v. U.S. Att'y Gen., 420 F.3d 1338, 1340-41 n.2 (11th Cir. 2005).

surrounding a defendant's particular conduct." Fajardo v. U.S. Att'y Gen., 659 F.3d 1303, 1305 (11th Cir. 2011). In doing so, we look at whether the least culpable conduct necessary to sustain a conviction under the statute meets the standard of a crime involving moral turpitude. Keungne v. U.S. Att'y Gen., 561 F.3d 1281, 1284 n.3 (11th Cir. 2009).

Crimes of dishonesty or false statement are considered generally to involve moral turpitude. Itani, 298 F.3d at 1215. For example, we concluded that misprision of a felony is a crime involving moral turpitude because the offense conduct was "behavior that runs contrary to accepted societal duties and involves dishonest or fraudulent activity." Id. at 1216.

Section 16-10-25 of the Georgia Code provides that "[a] person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor." O.C.G.A. § 16-10-25 (emphasis added). The statute has as an element an "intent to deceive." Rajappa v. State, 200 Ga. App. 372, 374, 408 S.E.2d 163, 165 (Ga. App. 1991).

Thus, two essential elements of Aladesanmi's § 16-10-25 offense were providing false information and the intent to deceive. Because Aladesanmi's offense involved both dishonesty and the making of a false statement, the BIA

4

properly concluded that the offense categorically was a crime involving moral turpitude.[2] See Itani, 298 F.3d at 1215.

Aladesanmi contends that her § 16-10-25 offense did not involve moral turpitude because her false statement was not material. This argument ignores that § 16-10-25 specifies what the false information must be about—"a false name, address, or date of birth"—with the intent to mislead the officer as to "identity or birthdate." Thus, the Georgia statute itself makes a false name, address or date of birth material to the officer's inquiry about "identity or birthdate." See O.C.G.A. § 16-10-25.

In any event, this Court has not required a false statement to be material in order to qualify as a crime of moral turpitude. Further, the BIA has concluded that false statements made to mislead a government official performing his official functions need not be material to constitute a crime involving moral turpitude. See In re Jurado-Delgado, 24 I. & N. Dec. 29, 34 (BIA 2006) (involving a Pennsylvania conviction for deliberately making written false statements with the intent to mislead a public servant in performing his official function). Because the INA is silent on the issue and the BIA has reasonably interpreted the phrase "moral

---

[2]Because all violations of O.C.G.A. § 16-10-25 include making a false statement with an intent to deceive, there is no merit to Aladesanmi's claim that the BIA should have applied the modified categorical approach to determine whether her offense was a crime involving moral turpitude. See Fajardo, 659 F.3d at 1305 (explaining that the modified categorical approach is used when the statutory language "encompasses some conduct that categorically would be grounds for removal as well as other conduct that would not.").

turpitude" to include making false statements to government officials with the intent to mislead them, regardless of materiality, the BIA's interpretation is entitled to <u>Chevron</u> deference.[3]  <u>See</u> <u>INS v. Aguirre-Aguirre</u>, 526 U.S. 415, 424, 119 S. Ct. 1439, 1445 (1999).

For these reasons, the BIA did not err in dismissing Aladesanmi's appeal of the IJ's order denying cancellation of removal.

**PETITION DENIED.**

---

[3]<u>Chevron U.S.A. Inc. v. Nat'l Res. Def. Council, Inc.</u>, 467 U.S. 837, 104 S. Ct. 2778 (1984).