### 39923. MOTES v. HALL COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

HILL, Chief Justice.

This appeal challenges the constitutionality of OCGA § 31-20-3 (Code Ann. § 84-933), which provides for involuntary sterilization of certain mentally incompetent persons.

The Hall County Department of Family and Children Services (DFCS) initiated proceedings against Ms. Motes under OCGA § 31-20-3 (Code Ann. § 84-933), by filing a petition for sterilization in the Probate Court of Hall County. The Probate Court denied the petition and DFCS appealed to the Superior Court of Hall County. After trial de novo, that court granted the petition and ordered that Ms. Motes be sterilized. She appeals that order urging that OCGA § 31-20-3 (Code Ann. § 84-933) is overly broad, lacks adequate guidelines and safeguards, and violates the due process and equal protection clauses of the United States Constitution by invading her right to privacy and depriving her of the right to have children.

1. Ms. Motes contends that the judicial standard to be used by a court in deciding whether to authorize sterilization under OCGA § 31-20-3 (Code Ann. § 84-933) does not meet minimal constitutional requirements. Under this Code section, if the judge "shall find by a legal preponderance of all the evidence" that the person alleged to be subject to this Code section is a person who, because of mental retardation, brain damage, or both, is irreversibly and incurably mentally incompetent to the degree that such person, with or without economic aid (charitable or otherwise) from others, could not provide care and support for any children procreated by such person in such a way that such children could reasonably be expected to survive to the

age of 18 years without suffering or sustaining serious mental or physical harm, and that the condition of such person is irreversible and incurable, the judge shall enter an order and judgment authorizing sterilization. Ms. Motes contends that her liberty interest at stake in this proceeding is such that due process requires a judicial finding of "clear and convincing" evidence, not merely a "preponderance of evidence," in order to authorize sterilization.

The U. S. Supreme Court has held that procreation is a fundamental right, saying: "We are dealing here with legislation which involves one of the basic civil rights of man. Marriage and procreation are fundamental to the very existence and survival of the race." Skinner v. Oklahoma, 316 U. S. 535, 541 (62 SC 1110, 86 LE 1655, 1660) (1942).

The Supreme Court has mandated an elevated standard of "clear and convincing" proof when the individual's interest at stake in a proceeding is more precious than any property right, Santosky v. Kramer, 455 U. S. 745, 758-759 (102 SC 1388, 1396, 71 LE2d 599, 609-610) (1982), or more substantial than mere loss of money, Addington v. Texas, 441 U. S. 418, 424 (99 SC 1804, 1808, 60 LE2d 323, 329-330) (1979).

In state initiated proceedings for the termination of parental rights, Santosky v. Kramer, supra, civil commitment to a mental institution, Addington v. Texas, supra, deportation, Woodby v. INS, 385 U. S. 276 (87 SC 482, 17 LE2d 362) (1966), and denaturalization, Chaunt v. United States, 364 U. S. 350 (81 SC 147, 5 LE2d 120) (1960), the Court has recognized that the losses of individual liberties were sufficiently serious to require imposition of the elevated standard of "clear and convincing" proof. In all of these proceedings, except proceedings to terminate parental rights, the official actions are to some degree reversible. Santosky v. Kramer, 455 U. S., supra at 759. However, in sterilization proceedings the government seeks, not only to suspend a fundamental liberty interest but to terminate it. Skinner v. Oklahoma, supra.

We find that involuntary sterilization is akin to termination of parental rights. See Santosky v. Kramer, supra. We therefore conclude that the seriousness of an individual's interest at stake in a state initiated sterilization proceeding is such that due process requires "clear and convincing evidence" to authorize the sterilization of an individual. The standard of a "legal preponderance" set by OCGA § 31-20-3(c)(4) (Code Ann. § 84-933) does not meet constitutional requirements.

Recognizing the requirements of the Constitution, the trial judge made his determination based upon the "clear and convincing" evidentiary standard. DFCS therefore urges that Ms. Motes should

not be heard to complain. This is not a case where an allegedly defective statutory provision as to service of process (notice) was cured by receipt of the complaint (i.e., actual notice). See *Bryant v. Prior Tire Co.,* 230 Ga. 137 (196 SE2d 14) (1973), relied upon by DFCS. In the case before us the substance of the statute is fatally defective and no person should be involuntarily sterilized under such a statute.

2. Ms. Motes urges, inter alia, that the Code section is also defective because it does not require findings that less drastic alternative methods of contraception would not prevent pregnancy and that sterilization could be performed without unreasonable risks to her health and life. Because we have determined that the statute does not meet constitutional standards, it is unnecessary for us to reach these enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Sartain & Carey, Jefferson W. Willis,* for appellant.
*David A. Fox, Michael J. Bowers, Attorney General, David C. Will, Assistant Attorney General,* for appellee.