S97A0563. DEE et al. v. SWEET et al.
(489 SE2d 823)

HUNSTEIN, Justice.

This case involves a challenge to the constitutionality of that provision in OCGA § 16-14-6 (c) which authorizes the award of attorney fees in the appellate courts and costs of investigation and litigation reasonably incurred by a party injured by violations of the Georgia Racketeer Influenced & Corrupt Organizations (RICO) Act, OCGA § 16-14-1 et seq.

Sweet and Wright (hereinafter "appellees") filed a civil suit against Dee and McMahon ("appellants") in January 1992 asserting claims that arose out of the dissolution of an executive search business and seeking damages for, inter alia, RICO violations. The parties originally agreed to the entry of a consent order temporarily restraining the manner in which appellants handled certain assets. However, as a result of information gained during discovery, appellees later sought and obtained greater protection from the court in a TRO limiting appellants' disposition of assets; this TRO was extended until further order of the court. Appellees also obtained another TRO regarding certain sums ($142,000) that had been transferred out of state by appellant Dee's wife; in compliance with the order, Ms. Dee returned the funds and placed them into the court registry. While the RICO litigation was pending the Dees were divorced and the divorce decree specifically mentioned that the funds

placed in the court registry by Ms. Dee were being held pending the outcome of the RICO action. A later court order expressly transferred these funds into the registry of the court in the RICO action.

A jury found appellants had engaged in acts of racketeering and awarded appellees damages as well as attorney fees in their RICO action. Appellants filed an appeal and the Court of Appeals, in *Dee v. Sweet*, 218 Ga. App. 18 (460 SE2d 110) (1995) (*"Dee I"*), affirmed the judgment. This Court denied appellants' petition for writ of certiorari and their motion for reconsideration. While this appellate litigation was pending, appellees moved to execute their RICO judgment against the funds in the court registry. Dee opposed the motion and sought appointment of a guardian ad litem for his children (contending the registry funds constituted marital assets which must be used to satisfy his child support obligations under the divorce decree). The trial court denied the motion and appellant Dee filed a notice of appeal in February 1995, initiating the appellate litigation that ultimately resulted in a second opinion by the Court of Appeals in *Dee v. Sweet*, 224 Ga. App. 285 (480 SE2d 316) (1997) (*"Dee II"*).

In December 1995, within a month after the conclusion of the appellate litigation over the RICO judgment in *Dee I* but before the conclusion of the appellate litigation over the registry funds in *Dee II*, appellees filed a motion in their RICO action seeking to recover $47,867.46 they had incurred in post-trial attorney fees and litigation costs. A review of the affidavit by appellees' attorney and the exhibits attached to the motion reflects that the requested sum included fees and support costs alleged to have been incurred as a result of the post-trial litigation in *Dee I* and the litigation over the registry funds in the *Dee II* action. The affidavit and exhibits also referenced litigation of a "separate, fraudulent conveyance action" appellees had recently filed against appellants, the wife of appellant McMahon, and a corporation controlled by appellants to set aside fraudulent conveyances entered into in violation of the TRO issued by the trial court in the RICO action limiting the disposition of appellants' assets. The affidavit set forth the specific case number designating the fraudulent conveyance action and averred that that action was pending before the same judge presiding over the RICO case.

After hearing oral argument on the issue, the trial court granted appellees' motion for fees and costs, rejected appellants' constitutional challenge to OCGA § 16-14-6 (c), and awarded appellees the exact sum requested. Appellants have again appealed. We affirm the trial court's judgment because OCGA § 16-14-6 (c) does not violate equal protection or due process or chill the rights of litigants seeking appellate review; the statute authorizes the recovery of post-trial attorney fees and costs of investigation and litigation reasonably incurred; and we find no abuse of the trial court's discretion in con-

cluding that the amount sought by appellees was reasonably incurred.

1. OCGA § 16-14-6 (c) provides in pertinent part that

> [a]ny person who is injured by reason of any violation of [the RICO statute, OCGA § 16-14-4] shall have a cause of action for three times the actual damages sustained and, where appropriate, punitive damages. Such person shall also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation reasonably incurred.[1]

Appellants argue that OCGA § 16-14-6 (c) violates the equal protection and due process clauses of the State and Federal constitutions and chills the exercise of the appellate rights of RICO defendants because it treats defendants appealing RICO judgments different from parties appealing non-RICO judgments by requiring RICO defendants to pay the costs incurred by RICO plaintiffs during the appellate litigation, a burden which deters or prevents RICO defendants from exercising their right to appeal even meritorious issues to the appellate courts.

"A statute is presumed to be constitutional until the contrary appears, and, therefore, the burden is on the party alleging a statute to be unconstitutional to prove it. [Cit.]" *State Farm &c. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447, 450 (1) (271 SE2d 844) (1980). There is no showing that the statutory classification drawn between RICO and non-RICO appellants involves either a suspect class or the exercise of a fundamental right. See *Nix v. Long Mt. Resources*, 262 Ga. 506 (3) (422 SE2d 195) (1992) (the right to appeal to the courts is not a fundamental right guaranteed by due process); see generally *Ambles v. State*, 259 Ga. 406 (383 SE2d 555) (1989). Therefore, the standard of review is that the classification drawn by the statute not be arbitrary or unreasonable and that the basis of the classification bear a direct and real relation to the object or purpose of the legislation. *State Farm &c. Ins. Co. v. Five Transp. Co.*, supra, 246 Ga. at 451 (1). See also *City of Atlanta v. Watson*, 267 Ga. 185 (1) (475 SE2d 896) (1996) (discussion of equal protection analysis; State equal protection guarantee construed consistent with Federal counterpart); *Hayward v. Ramick*, 248 Ga. 841 (1) (285 SE2d 697) (1982) (due process analysis).

---

[1] OCGA § 16-14-6 (c), like the award of attorney fees under its counterpart in the Federal RICO Act, 18 USC § 1964 (c), "marks an exception to the 'American Rule,' under which each party to a litigation is generally obliged to bear its own attorney's fees regardless of outcome. [Cits.]" Gregory P. Joseph, Civil RICO A Definitive Guide, p. 122, § 21 (B) (1992). There are more than 200 federal provisions that shift fees to prevailing parties. Id.

The purpose of the Georgia RICO Act is "to impose sanctions against [the] subversion of the economy by organized criminal elements and to provide compensation to private persons injured thereby." OCGA § 16-14-2 (b). OCGA § 16-14-6 (c) promotes this legislative purpose in that it provides compensation to civil plaintiffs who have successfully established that they have been injured by a defendant's RICO violations by including in the amount recoverable those attorney fees and costs of investigation and litigation reasonably incurred by plaintiffs in the trial and appellate courts.[2] By authorizing the recovery of appellate fees and costs, OCGA § 16-14-6 (c) provides RICO plaintiffs with effective access to the judicial process, thus enabling them to present on appeal the reasons why the RICO judgments they obtained should be upheld.

We find it neither unreasonable nor arbitrary for the Legislature to distinguish between RICO defendants and non-RICO defendants in making the decision to treat the former differently by requiring only RICO defendants to bear the financial responsibility of attorney fees and costs reasonably incurred by RICO plaintiffs in response to appellate litigation a RICO defendant elects to pursue upon judgment being entered in favor of the RICO plaintiff.[3] The RICO defendants to whom OCGA § 16-14-6 (c) applies are parties who, as the result of successful litigation commenced by civil plaintiffs, have been found by a jury to have committed two or more predicate criminal acts which have resulted in injury to the plaintiffs, id.; OCGA § 16-14-4, whereas non-RICO defendants are parties who have not engaged in a comparable interrelated pattern of criminal activity. Given the compensatory goal of the Georgia RICO Act, there is a reasonable basis for the Legislature's distinction between types of appealing defendants and a direct relation between the classification and the purpose of the Act. Therefore, we find that OCGA § 16-14-6 (c) does not violate the constitutional guarantees of due process and equal protection or deny access to the courts.[4]

2. Appellants contend the trial court erred by allowing appellees to recover post-trial attorney fees and other costs under OCGA § 16-14-6 (c) for any litigation other than the RICO action itself. The affi-

---

[2] Although "reasonably incurred" would seem to modify only "costs of investigation and litigation," we interpret OCGA § 16-14-6 (c) as providing that the attorney fees sought by successful plaintiffs must likewise be "reasonably incurred."

[3] This finding likewise applies to fees and costs associated with any post-judgment litigation RICO plaintiffs are forced to pursue by defendants' opposition to the collection of the RICO judgment. See Division 2, infra.

[4] Because appellants in this case had no partial success in the trial of the RICO action, have never been successful on appeal, and have adduced no evidence of indigency, we do not address their arguments that OCGA § 16-14-6 (c) is unconstitutional because it applies to RICO defendants who may have prevailed in part at trial, raised meritorious appeals, or been precluded from accessing the appellate courts due to indigency.

davit and documents attached to appellees' motion seeking fees and costs, which detailed the precise source of the sums requested, clearly reflect that appellees were seeking to recover attorney fees and costs of investigation and litigation associated not only with the post-trial litigation in *Dee I*, but also with the proceedings that ultimately led to the Court of Appeals' opinion in *Dee II* and the proceedings arising out of appellants' alleged violation of the TRO wherein the trial court, in the course of the RICO action, had limited the manner in which appellants could dispose of their assets. The trial court was authorized to conclude from the affidavit and exhibits attached to appellees' motion that the litigation in both *Dee II* and the fraudulent conveyance action has arisen out of appellees' attempts to collect on their RICO judgment.

The Georgia appellate courts have not addressed the issue whether a successful RICO plaintiff can recover fees and costs reasonably incurred to collect a RICO judgment. Looking to Federal decisions for guidance in interpreting our RICO statute, *Martin v. State*, 189 Ga. App. 483 (2) (376 SE2d 888) (1988), our review of the cases confirms the conclusion that in analyzing attorney fee issues under the Federal RICO statute, the Federal courts are guided by precedent construing other statutory fee-shifting exceptions to the American Rule, particularly civil rights cases. See Gregory P. Joseph, Civil RICO A Definitive Guide, p. 122, § 21 (B) (1992). The Court of Appeals in *Dee I* likewise relied upon a civil rights case out of the United States Supreme Court in resolving appellants' challenge to the trial court's award of pre-trial attorney fees. Id., 218 Ga. App. at 21 (2) (a). Turning to these authorities, it appears that the Federal courts have recognized that successful civil rights plaintiffs are entitled to fees for post-judgment monitoring and other efforts to ensure compliance with court orders because such services " 'are essential to the long-term success of the plaintiff's suit.' [Cit.]" *Diaz v. Romer*, 961 F2d 1508, 1512 (10th Cir. 1992) and cases cited therein. As stated in *Balark v. Curtin*, 655 F2d 798 (7th Cir. 1981),

> Plaintiff seeks fees for her efforts to collect the judgment awarded her in her successful action under the civil rights laws. Congress has determined that attorneys' fees are necessary to fulfill the purposes of the civil rights laws by transferring the costs of litigation to those who infringe upon basic civil rights. [Cit.] The compensatory goals of the civil rights laws would thus be undermined if fees were not also available when defendants oppose the *collection* of civil rights judgments. An award of compensation for injuries sustained as a result of unconstitutional state action would be "diluted" if fees were denied to plaintiffs required to con-

test substantial efforts to resist or obstruct the collection of civil rights judgments. The victory would be hollow if plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation.

Id. at 803. Accord *Dotson v. Chester*, 937 F2d 920 (IV) (4th Cir. 1991); cf. *Leroy v. City of Houston*, 906 F2d 1068, 1085-1086 (5th Cir. 1990).

The Georgia RICO Act provides that it shall be construed to further the intent of the Legislature, namely, to provide compensation to private persons injured by reason of any RICO violation. OCGA § 16-14-2 (b). As in the case of civil rights laws, the compensatory goals of the Georgia RICO Act would be undermined if fees and costs were not also available when defendants oppose the collection of RICO judgments. Therefore, we hold that the trial court did not err by allowing appellees to recover attorney fees and costs related to the investigation and litigation of *Dee II* and the fraudulent conveyance action, appellees having shown that these actions were necessary to collect on the RICO judgment they were awarded.

3. Appellants contend appellees are not entitled to recover certain specific sums sought in their motion because they were for services not directly attributable to the labor of appellees' attorney or the investigation and litigation of the RICO and collection actions. We decline appellants' invitation to limit the trial court's discretion so as to authorize under OCGA § 16-14-6 (c) appellees' recovery of only those amounts paid as compensation to the attorney and costs strictly associated with investigating and litigating the collection actions as we conclude from the statutory language that the Legislature rejected such a stringent application when it chose to allow plaintiffs to recover those fees and costs which were "reasonably" incurred. Compare *Johnson v. Naugle*, 557 NE2d 1339 (Ind. App. 1990). Accord *Missouri v. Jenkins*, 491 U. S. 274, 285 (109 SC 2463, 105 LE2d 229) (1989) ("reasonable attorney's fee" under 42 USC § 1988 means reasonable fee for attorney's work product, a standard which takes into account the costs of others whose labor contributes to the work product for which an attorney bills a client). The reasonableness of fees and costs being a matter within the trial court's discretion, the decision of the trial court will be interfered with only where this discretion has been abused. See generally *Richmond County Hosp. Auth. v. Southeastern Newspapers Corp.*, 252 Ga. 19, 21 (311 SE2d 806) (1984) (construing OCGA § 50-18-73 (b), which authorizes award of "attorney's fees and other litigation costs reasonably incurred" in Open Records Act litigation). We find no abuse here in the trial court's ruling that appellees reasonably incurred the sums sought in their motion and thus affirm the trial court's award

of those sums.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*McKenney & Froelich, William J. McKenney, David M. Kupsky,* for appellants.

*Kilpatrick Stockton, James F. Bogan III, Matthew H. Patton,* for appellees.

*Thurbert E. Baker, Attorney General, Michael E. Hobbs, Counsel to Attorney General,* amicus curiae.