## S04G1343. WILLIAMS GENERAL CORPORATION v. STONE et al.

### (614 SE2d 758)

HUNSTEIN, Justice.

Williams General Corporation sued appellees Thomas Stone, Scott Zortman and Stone Cold Concerts, Inc. alleging misappropriation of trade secrets, violation of the Georgia civil RICO Act, OCGA § 16-14-1 et seq., and conspiracy to commit RICO violations. The trial court instructed the jury that it must find that appellees committed the necessary predicate acts to support a civil RICO claim or engaged in a conspiracy to commit RICO violations by a preponderance of the evidence. The Court of Appeals reversed, holding that the trial court erred in instructing the jury to apply the preponderance of the evidence standard rather than the heightened clear and convincing evidence standard. *Stone v. Williams Gen. Corp.*, 266 Ga. App. 608 (4) (597 SE2d 456) (2004). We granted certiorari to determine the applicable burden of proof in civil RICO actions. Because we hold that the predicate acts necessary to support a civil RICO claim must be established by a preponderance of the evidence, we reverse the judgment of the Court of Appeals.

The Georgia RICO Act was enacted by the Georgia legislature to impose criminal penalties against those engaged in an "interrelated pattern of criminal activity motivated by or the effect of which is pecuniary gain or economic or physical threat or injury," OCGA § 16-14-2 (b), see OCGA § 16-14-5, and civil remedies to compensate those injured by reason of such acts. See OCGA § 16-14-6. On the civil side of the Act, OCGA § 16-14-6 (c) provides, in pertinent part:

> [a]ny person who is injured by reason of any violation of [the RICO Act] shall have a cause of action for three times the actual damages sustained and, where appropriate, punitive damages. Such person shall also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation reasonably incurred.

The Act itself is silent as to the burden of proof required to establish the predicate acts necessary to support a civil RICO claim. As a general rule, Georgia law provides that "[i]n all civil cases a preponderance of evidence is considered sufficient to produce mental conviction." OCGA § 24-4-3. Although the General Assembly has expressly provided for a greater burden of proof for certain causes of actions through legislative enactment, see OCGA § 24-9-47 (disclosure of HIV confidential information), OCGA § 29-5-6 (need for guardianship of alleged incapacitated adult), OCGA § 51-12-5.1 (recovery of punitive damages in tort actions), and courts have required

the elevated clear and convincing standard where individual interests more important than mere loss of money are at stake, see *Santosky v. Kramer*, 455 U. S. 745 (III) (A) (102 SC 1388, 71 LE2d 599) (1982) (proceeding to terminate parental rights); *Motes v. Hall County Dept. of Family &c. Svcs.*, 251 Ga. 373, 374 (306 SE2d 260) (1983) (involuntary sterilization), neither the General Assembly nor this Court has seen fit to apply a heightened evidentiary standard to civil RICO claims under the Georgia statute.

The Court of Appeals, in a line of cases originating with *Simpson Consulting v. Barclays Bank PLC*, 227 Ga. App. 648 (490 SE2d 184) (1997) and culminating in the decision in this appeal, has held that a clear and convincing standard of proof is required because

> [i]n passing Ga. L. 1987, p. 915, § 5, OCGA § 51-12-5.1 (b) and (c), dealing with punitive damages, the General Assembly expressed Georgia's public policy that punitive damages in instances involving aggravating circumstances, i.e., intentional torts or entire want of care, which would raise the presumption of conscious indifference to the consequences, are to be proven by the standard of proof of "clear and convincing" evidence in order to penalize, punish, or deter such tortious conduct. [Cits.] Since the intent of the General Assembly as expressed in OCGA § 16-14-2 (b) is to impose sanctions and to compensate private individuals who have been injured, then the purposes of treble damages and punitive damages are substantially the same, thereby requiring the same standard of proof, i.e., "clear and convincing" evidence.

Id. at 655 (4). See also *Blanton v. Bank of America*, 256 Ga. App. 103 (567 SE2d 313) (2002); *In re Copelan*, 250 Ga. App. 856 (553 SE2d 278) (2001) and *Tronitec, Inc. v. Shealy*, 249 Ga. App. 442 (6) (547 SE2d 749) (2001) (applying clear and convincing standard of proof). This interpretation, however, is at odds with the decisions of this Court recognizing that the purpose of the RICO Act is to provide compensation to private persons injured or aggrieved by reason of any RICO violation. OCGA § 16-14-2 (b); *Dee v. Sweet*, 268 Ga. 346 (1) (489 SE2d 823) (1997); *Chancey v. State*, 256 Ga. 415 (I) (349 SE2d 717) (1986). See also *Southern Intermodal Logistics v. D. J. Powers Co.*, 10 FSupp.2d 1337 (III) (A) (N.D. Ga. 1998) (applying preponderance of evidence standard to Georgia civil RICO claim).

Punitive damages, which are authorized by OCGA § 16-14-6 (c) in those cases "where appropriate," serve the legislative purpose of imposing sanctions, whereas treble damages, which are authorized by the statute without reservation in every civil RICO action, further

RICO's goal of compensating victims and providing incentive for "private attorney generals" to initiate actions against those in violation of the Act. See *Dee*, supra, 268 Ga. at 349 (1) (recognizing compensatory goal of Georgia RICO Act); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U. S. 479, 493 (105 SC 3275, 87 LE2d 346) (1985); *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U. S. 143, 151 (107 SC 2759, 97 LE2d 121) (1987) (RICO designed to "remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees"; statute "bring[s] to bear the pressure of 'private attorneys general' " on a serious problem "for which public prosecutorial resources are deemed inadequate; the mechanism chosen to reach the objective . . . is the carrot of treble damages"). Moreover, the Court of Appeals' interpretation of the Act renders meaningless the General Assembly's separate provision for punitive damages in violation of the rule of statutory construction that a court give meaning to all parts of a statute. See *Brown v. Liberty County*, 271 Ga. 634, 635 (522 SE2d 466) (1999). We thus reject the Court of Appeals' premise that clear and convincing evidence is required because treble damages are the substantial equivalent of punitive damages.

Federal courts have considered the appropriate standard of proof in civil RICO claims under 18 USC § 1964 (c), a statute which mirrors the Georgia civil RICO statute in both purpose and language.[1] See *Agency Holding Corp.*, supra, 483 U. S. at 151. Because the Georgia RICO Act was modeled after the federal statute, this Court has found federal authority persuasive in interpreting the Georgia RICO statute and we do so again. See *Dee*, supra, 268 Ga. at 350 (2); *Security State Bank v. Visiting Nurses Assn.*, 256 Ga. App. 374, 375 n. 1 (568 SE2d 491) (2002); *Martin v. State*, 189 Ga. App. 483 (2) (376 SE2d 888) (1988). Federal circuit and district courts uniformly have applied the preponderance of the evidence standard to federal civil RICO claims. See *Bieter Co. v. Blomquist*, 987 F2d 1319, 1320-1321 (8th Cir. 1993); *Fleischhauer v. Feltner*, 879 F2d 1290, 1296 (6th Cir. 1989), cert. denied, 493 U. S. 1074 (110 SC 1122, 107 LE2d 1029) (1990); *Liquid Air Corp. v. Rogers*, 834 F2d 1297, 1302 (7th Cir. 1987), cert. denied, 492 U. S. 917 (109 SC 3241, 106 LE2d 588) (1989); *Wilcox v. First Interstate Bank*, 815 F2d 522, 531 (9th Cir. 1987); *Cullen v. Margiotta*, 811 F2d 698, 731 (2nd Cir. 1987), cert. denied, 483 U. S. 1021 (107 SC 3266, 97 LE2d 764) (1987); *Armco Indus. Credit Corp. v. SLT Warehouse Co.*, 782 F2d 475, 480-481 (5th Cir. 1986); *United States v. Local*

---

[1] 18 USC § 1964 (c) provides, in pertinent part:
Any person injured in his business or property by reason of a violation of [18 USC § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. . . .

*560, Intl. Bhd. of Teamsters*, 780 F2d 267, 279-280, n. 12 (3rd Cir. 1985), cert. denied, 476 U. S. 1140 (106 SC 2247, 90 LE2d 693) (1986); *Southern Intermodal Logistics*, supra, 10 FSupp.2d at 1347-1348. The United States Supreme Court, although not directly ruling on the issue, has also strongly suggested that preponderance of the evidence is the correct standard in federal civil RICO litigation. See *Sedima*, 473 U. S. at 491. The Court in *Sedima* stated:

> We are not at all convinced that the predicate acts must be established beyond a reasonable doubt in a proceeding under § 1964 (c). In a number of settings, conduct that can be punished as criminal only upon proof beyond a reasonable doubt will support civil sanctions under a preponderance standard. [Cits.] There is no indication that Congress sought to depart from this general principle here. [Cits.] That the offending conduct is described by reference to criminal statutes does not mean that its occurrence must be established by criminal standards or that the consequences of a finding of liability in a private civil action are identical to the consequences of a criminal conviction. [Cit.]

Id.

Like these federal courts, we consider it significant that Georgia civil RICO violators do not face criminal sanction or the imposition of significant liberty deprivations and that the relief provided under the Georgia RICO Act is remedial, rather than punitive. Given the similarities in the purpose and language of the federal and Georgia RICO statutes, together with the General Assembly's mandate to liberally construe the Act to effectuate its remedial purposes, see OCGA § 16-14-2 (b), we hold the applicable standard of proof in state civil RICO actions to be a preponderance of the evidence. While we recognize that defendants in civil RICO actions may have significant property interests at stake, we do not find such interests to be sufficiently compelling to trigger a more stringent burden of proof. A civil RICO proceeding "leaves no greater stain than do a number of other civil proceedings," *Sedima*, supra, 473 U. S. at 492, and we find no justification for the imposition of a higher standard of proof in state civil RICO actions. Accordingly, we reverse the Court of Appeals and overrule *Simpson Consulting*, supra, and those other cases holding to the contrary. E.g., *Blanton*, supra, *Copelan*, supra, and *Tronitec*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 16, 2005.

Andrew, Merritt, Reilly & Smith, Paul E. Andrew, Bondurant, Mixson & Elmore, Benjamin E. Fox, John E. Floyd, for appellant.

Dwyer & White, William E. White, for appellees.

Denise D. Fachini, District Attorney, Boone & Stone, William S. Stone, Antoinette D. Johnson, amici curiae.